## COMMONWEALTH *vs.* ANTHONY R. TAYLOR.

Suffolk. September 2, 1998. - January 8, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Continuance, Probation, Judicial discretion, District Attorney. *Judge. District Attorney. Constitutional Law,* Separation of powers. *Words,* "Probation."

This court undertook to consider a moot issue where the issue was fully argued, where the question was likely to arise again, where appellate review would not be obtainable before the recurring question would again be moot, and where the issue was of public importance. [624]

A petition for relief under G. L. c. 211, § 3, was appropriate to seek review of a District Court judge's allowance, over the Commonwealth's objection, of a criminal defendant's motion for a continuance of trial for a period of one year. [624-625]

A District Court judge erroneously relied on G. L. c. 276, § 87, governing pretrial probation in criminal cases, to support his order allowing a criminal defendant's motion for a continuance of his trial for a period of one year over the Commonwealth's objection [625-626], and where there was no basis under Mass. R. Crim. P. 10 ("upon cause and only when necessary to insure that the interests of justice are served") to have granted such a continuance, the judge erred as a matter of law [626-628].

Rule 36 (a) (2) of the Massachusetts Rules of Criminal Procedure, which deals with judicial power to schedule trial dates, does not authorize a judge to continue a trial for a year, on the defendant's request and over the Commonwealth's objection, where art. 30 of the Massachusetts Declaration of Rights constrains the judiciary from interfering with the district attorney's wide discretion whether to prosecute a case. [628-630]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 7, 1997.

The case was heard by *Fried,* J.

*Robert J. Carnes* for the defendant.

*Paul J. Caccaviello,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant was charged with violating a protective order issued pursuant to G. L. c. 209A, § 7. At arraign-

ment, the defendant pleaded not guilty and a District Court jury trial was scheduled for January 13, 1997. On the day of trial, over the objection of the Commonwealth but at the defendant's request, the judge continued the case until January 12, 1998, without a change of plea, purporting to act under the authority of G. L. c. 276, § 87.[1]

On March 27, 1997, the Commonwealth moved for reconsideration of the judge's order. The judge denied this motion, and the Commonwealth filed a petition for relief from the order in the county court pursuant to G. L. c. 211, § 3. A single justice of this court ruled that the judge erred in continuing the case prior to trial over the Commonwealth's objection and remanded the case to be scheduled for trial or change of plea. The defendant then appealed to the full court.

Although the case is now moot, the Commonwealth contends that the granting of such pretrial continuances over the Commonwealth's objection is a recurring problem that is likely to evade review. "We have on occasion exercised our discretion to answer questions in moot cases where certain conditions existed: (1) the issue was fully argued on both sides; (2) the question was certain, or at least very likely, to arise again in similar factual circumstances; (3) where appellate review could not be obtained before the recurring question would again be moot; and (4) most importantly, the issue was of public importance. See *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984), and cases cited. See also *Matter of Sturtz*, 410 Mass. 58, 59-60 (1991)." *Ott* v. *Boston Edison Co.*, 413 Mass. 680, 683 (1992). We conclude that these conditions have been met, and accordingly, as an exercise of our discretion, we consider the propriety of the judge's order.

1. *Review under G. L. c. 211, § 3.* We first consider the procedural posture of the case before the single justice. The defendant argues for the first time on appeal that the single justice should not have entertained the Commonwealth's petition for relief under G. L. c. 211, § 3.

Interlocutory appeals by the Commonwealth in criminal cases are governed by G. L. c. 278, § 28E. The statute states in pertinent part:

"An appeal may be taken by and on behalf of the com-

---

[1]The Commonwealth's brief asserts that the judge granted the continuance sua sponte. The records show that the continuance was granted pursuant to defense counsel's request.

monwealth by the attorney general or a district attorney from the district court to the appeals court in all criminal cases and in all delinquency cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, (2) allowing a motion to suppress evidence, or (3) denying a motion to transfer pursuant to section sixty-one of chapter one hundred and nineteen.

"An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion. for appropriate relief under the Massachusetts Rules of Criminal Procedure."

The parties agree that the judge's order granting a continuance in this case does not fall within the specific dispositions in the District Court reviewable under G. L. c. 278, § 28E. However, that statute permits an appeal in all criminal cases by the Commonwealth to the Supreme Judicial Court from a decision, order, or judgment of the Superior Court allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure. A motion to continue the trial of a case for one year would be such a motion. Mass. R. Crim. P. 10 (a) (1) and (2), 378 Mass. 861 (1979).

Thus we are presented with an issue similar to that raised in *Commonwealth* v. *Cowan*, 422 Mass. 546 (1996). There we reasoned that, because G. L. c. 278, § 28E, permitted the Commonwealth to appeal from a Superior Court judge's improper sentence, a District Court judge's order raising the same issue should not be insulated from appellate review. We therefore conclude that relief under G. L. c. 211, § 3, was appropriate. "[T]he public has a right to expect the Supreme Judicial Court to correct any abuse of judicial power, if not under the statute, G. L. c. 278, § 28E, then at least under its superintendence powers." *Id.* at 547, quoting *Commonwealth* v. *Amirault*, 415 Mass. 112, 115 n.4 (1993).

2. *The trial judge's authority to grant a continuance over the Commonwealth's objection.* The defendant next contends that the single justice abused his discretion in granting the Commonwealth relief under G. L. c. 211, § 3, because the trial judge properly continued the case.

The judge below erroneously relied on G. L. c. 276, § 87, to support his pretrial continuance ruling. This statute deals with pretrial *probation* and states in relevant part:

> "The superior court, any district court and any juvenile court may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty . . . ."

At oral argument, defense counsel asserted that, by making the continuance conditional on the defendant's compliance with the restraining order and obtaining an evaluation for alcohol abuse and counseling, the judge placed the defendant on "probation" within the meaning of G. L. c. 276, § 87. Continuing the case subject to conditions is not the equivalent of probation, however.

In *Commonwealth* v. *Durling*, 407 Mass. 108, 111 (1990), we stated: "Probation, whether 'straight' or coupled with a suspended sentence, is a legal disposition which allows a criminal offender to remain in the community subject to certain conditions *and under the supervision of the court*" (emphasis added). Thus, imposing conditions, without more, does not constitute "probation." Rather, a judge must couple the conditions with a supervisory element to ensure that the probationer abides by the probationary terms. Here there was no such enforcement mechanism. The judge did not require the defendant to report to a probation officer, nor were there any other indicia of court supervision. Artful nomenclature will not turn a statute authorizing probation into authorization for a continuance ruling. Absent this judicial alchemy, G. L. c. 276, § 87, provides no such authority.

Although we conclude that the judge incorrectly cited G. L. c. 276, § 87, to support his ruling, judges are not powerless to continue cases over the Commonwealth's objection. See Mass. R. Crim. P. 10. We must therefore consider whether the single justice correctly determined that the judge below exceeded his authority regardless of whether G. L. c. 276, § 87, is the appropriate source for that authority.

Our analysis begins with Mass. R. Crim. P. 10, which dictates when a judge may continue a criminal case. Rule 10 states in relevant part:

"(a) Continuances.

"(1) After a case has been entered upon the trial calendar, a continuance shall be granted *only when based upon cause and only when necessary to insure that the interests of justice are served.*

"(2) The factors, among others, which a judge shall consider in determining whether to grant a continuance in any case are:

"(A) Whether the failure to grant a continuance in the proceeding would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

"(B) Whether the case taken as a whole is so unusual or so complex, because of the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate preparation of the case at the time it is scheduled for trial.

"(C) Whether the overall caseload of defense counsel routinely prohibits his making scheduled appearances, whether there has been a failure of diligent preparation by a party, and whether there has been a failure by a party to use due diligence to obtain available witnesses." (Emphasis added.)

Citing a number of authorities, the Reporters' Notes to rule 10 set forth the well-settled principle that the decision whether to grant a continuance is within the discretion of the trial judge. Reporters' Notes to Mass. R. Crim. P. 10, Mass. Ann. Laws, Rules of Criminal Procedure 96-97 (Lexis 1997). This discretion is not unbounded, however. Both the language of the rule and the notes accompanying it direct judges to exercise their discretion in accordance with the rule's overarching policy of granting continuances only when necessary to prevent injustice. On this point the Reporters' Notes are not equivocal: "Consensual continuances and continuances which are helpful, but which fall short of being necessary, are not to be granted, because in such cases justice is generally promoted by proceeding to trial without delay and because the need for the prompt disposition of criminal cases transcends the desires of the immediate

participants in the proceedings." *Id.* at 96. The text of rule 10 likewise supports this notion, allowing judges to grant continuances "only when based upon cause and only when necessary to insure that the interests of justice are served."

The record reflects that the judge considered none of the guiding factors listed in rule 10, nor did he take into account the policy of disfavoring continuances. Rather he indicated that he was basing his ruling entirely on a desire to see the prosecutor ultimately dismiss the case, stating:

> "I've discussed this matter with your attorney and with the representative of the District Attorney's office. I understand the extenuating circumstances. So I'm prepared to grant the request [for continuance] that your attorney seeks. [Inaudible] going to continue this matter until January 12, 1998 [inaudible] General Laws Chapter 276, Section 87. Continuation [inaudible] change in plea. I don't know what's going to happen next year, sir. The Commonwealth has every right to ask that the case be tried. If so, you'll have to face trial. Either it will be a verdict of not guilty or guilty. Perhaps if the divorce goes through and there are no more problems between you and the alleged victim, this matter will be able to be dismissed next year. Do you understand? . . . Good luck to you, sir."

There is nothing to suggest that the judge granted this continuance for any other reason than to impede the Commonwealth's prosecution of the case. This was an error of law.

Defense counsel suggests that Mass. R. Crim. P. 36 (a) (2), 378 Mass. 909 (1979),[2] provided an alternate source of authority for the judge to continue the case, under the rubric of judicial

---

[2]Rule 36 (a) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 909 (1979), states in relevant part:

"(2) Function of the Court.

"(A) District Court. The court shall determine the sequence of the trial calendar.

"(B) Superior Court. The court shall determine the sequence of the trial calendar after cases are selected for prosecution by the district attorney."

By statute, rule 36 (a) (2) (A) applies only to jury-waived sessions in the District Court and subsection (B) applies to the jury of six District Court sessions. Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of

power to schedule trial dates. Although the defense correctly points out that rule 36 allocates the ultimate decision to determine the trial date to the presiding judge, we think the judge had no authority to act as he did in this case. We draw this conclusion from judicial constraints found in art. 30 of the Massachusetts Declaration of Rights, which mandates separation of powers.[3]

First, we note that our decisions uniformly uphold a prosecutor's wide discretion in deciding whether to prosecute a particular defendant. See *Commonwealth* v. *Latimore,* 423 Mass. 129, 136 (1996); *Commonwealth* v. *Pellegrini,* 414 Mass. 402, 404-405 (1993); *Shepard* v. *Attorney Gen.,* 409 Mass. 398, 401-402 (1991); *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 318 (1977). This prosecutorial discretion is exclusive to the executive branch. See *Commonwealth* v. *Pellegrini, supra; Commonwealth* v. *Gordon,* 410 Mass. 498, 500-501 (1991); *Shepard* v. *Attorney Gen., supra* at 401-402. As such, a judge may not dismiss a case before trial over the district attorney's objection without adhering to the procedure established in *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971) (requiring judge to conduct hearing based on affidavits submitted by both parties and record findings of fact and reasons for dismissing case over Commonwealth's objection). See *Commonwealth* v. *Thurston,* 419 Mass. 101, 104 (1994); *Commonwealth* v. *Pellegrini, supra; Commonwealth* v. *Gordon, supra* at 502-504 (judge could not accept over Commonwealth's objection plea to murder in second degree from defendant indicted for murder in first degree).

However, the prosecutor's broad discretion over *whether* a case is prosecuted must be considered in conjunction with the judiciary's wide discretion as to *when* a case goes to trial. Mass. R. Crim. P. 36. See, e.g., *Commonwealth* v. *Breyer,* 398 Mass. 9, 15 (1986) (decision to grant continuance is matter of sound judicial discretion); *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 273-274 (1973) (same); *Commonwealth* v. *Bettencourt,* 361

Criminal Procedure 338-339 (Lexis 1997). As the defendant here has not waived his right to a jury trial, the latter subsection is applicable.

[3]Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

Mass. 515, 517-518 (1972) (same). Furthermore, the Reporters' Notes to rule 36 indicate that the rule should be read in conjunction with "the policy of G. L. c. 278, § 1 in that the trial court is given ultimate control over the calendar." Reporters' Notes to Mass. R. Crim. P. 36, *supra* at 338.

The facts of this case demonstrate that the judge was not motivated by scheduling concerns, but rather by a desire to see the case dismissed. As discussed above, art. 30 prevents judges from dismissing a case prior to trial over the Commonwealth's objection without holding a *Brandano* hearing. *Commonwealth* v. *Brandano*, *supra*. We therefore decline to permit judges to achieve by indirection what they clearly cannot do directly.

In sum, we conclude that, on these facts, the judge's continuance was for no other purpose than to obtain a dismissal and thus it interfered with the district attorney's wide discretion to decide whether to prosecute the case. We affirm the judgment of the single justice.

*So ordered.*