COMMONWEALTH vs. GERARD ROTONDA, THIRD.

Suffolk. March 8, 2001. - May 21, 2001.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Continuance without a finding, Probation, Sentence. *District Attorney. Public Policy. Restitution.*

Discussion of the practice in the District Court of continuing cases without a finding over the objection of the Commonwealth. [216-217]
A District Court judge's disposition pursuant to G. L. c. 278, § 18, did not require the imposition of supervised probation as a term or condition of his continuing the case without a finding, where probation (supervised or unsupervised) under § 18 was but an alternative to other conditions that the judge might have found more appropriate, and where the judge's disposition did not infringe on the district attorney's rights as protected by art. 30 of the Massachusetts Declaration of Rights [218-220]; however, the judge's imposition of a financial payment to be made to the complaining witness as a condition of the continuance without a finding and dismissal, in the circumstances, was contrary to law and public policy and not authorized by the court's power to impose terms and conditions on a continuance without a finding disposition as provided in § 18 [220-222].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 23, 1999.

The case was reported by *Ireland,* J.

*John P. Zanini,* Assistant District Attorney *(Joseph M. Ditkoff & Glenn A. Cunha,* Assistant District Attorneys, with him) for the Commonwealth.

*Thomas R. Kiley (Angela G. Lehman* with him) for the defendant.

CORDY, J. The Commonwealth challenges the lawfulness of the terms and conditions imposed by a District Court judge in a continuance without a finding disposition made pursuant to G. L. c. 278, § 18. It contends that such a continuance must include a condition of supervised probation, which this disposition did not, and also contends that it cannot be conditioned on the defendant's payment of money to the complaining victim,

where restitution was neither an issue nor documented. The Commonwealth urges this court to vacate the disposition of the District Court and remand the case for trial. For the reasons set forth below, we find that the imposition of a condition of supervised probation is not a requirement of a continuance without a finding disposition made pursuant to G. L. c. 278, § 18, but that the condition that a $5,000 payment be made to the complaining witness, in the circumstances of this case, is contrary to law and public policy. We therefore remand the case for further proceedings.

1. *Procedural history.* The Commonwealth sought relief from a single justice of this court pursuant to G. L. c. 211, § 3. The single justice twice remanded the matter to the District Court for the judge to make findings on the relevant, underlying facts and to answer specific questions regarding the reasoning for the judge's disposition. On receipt of the District Court judge's findings of fact and a statement of agreed facts of the parties, the single justice reserved and reported the matter to the full court without decision.[1]

2. *Facts.* We recite the facts and exhibits as to which the parties have agreed. See *Burke* v. *Commonwealth*, 373 Mass. 157, 158 (1977). On December 22, 1998, the defendant, Gerard Ro-

---

[1]The defendant challenges our jurisdiction under G. L. c. 211, § 3, to hear this matter. The case is properly before us. It is well within this court's general superintendence power to correct a sentence that has been imposed contrary to law. *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996). See, e.g., *Commonwealth* v. *Gordon*, 410 Mass. 498, 499 (1991) (district attorney properly sought relief under G. L. c. 211, § 3, to vacate judge's acceptance of plea to murder in the second degree, over the Commonwealth's objection on indictment charging murder in the first degree). "[T]he public has a right to expect the Supreme Judicial Court to correct any abuse of judicial power, if not under the statute . . . then at least under its superintendence powers." *Commonwealth* v. *Amirault*, 415 Mass. 112, 115 n.4 (1993).

While the Commonwealth may have an avenue to appeal this disposition pursuant to G. L. c. 278, § 28E, see *Commonwealth* v. *Taylor*, 428 Mass. 623, 625 (1999); *Commonwealth* v. *Norrell*, 423 Mass. 725, 726 n.2 (1996); *Commonwealth* v. *Pyles*, 423 Mass. 717, 719 n.2 (1996), a single justice can exercise his or her jurisdiction to reserve and report a matter pursuant to G. L. c. 211, § 3, in recognition of its importance even if normal appellate review were available. See *Care & Protection of Beth*, 412 Mass. 188, 192 n.7 (1992); *Barry* v. *Commonwealth*, 390 Mass. 285, 288 n.4 (1983) ("In view of the public interest involved . . . we express our opinion on the issues that have been argued," without deciding whether case is properly before us).

tonda, III, threatened and verbally accosted a traffic enforcement officer who had written him a parking ticket. After finding the ticket on his windshield, the defendant drove around the corner and confronted the officer, screaming invectives and racial slurs at her. Because the officer believed the defendant was going to hit her, she held down the transmit button on her radio so that others on the system could hear the altercation. The defendant eventually fled. The officer filed a complaint and the defendant was charged with violating the civil rights of another, without bodily injury, pursuant to G. L. c. 265, § 37, and threatening to commit a crime pursuant to G. L. c. 275, § 2.

On December 6, 1999, the scheduled trial date, the defendant asked the District Court judge to continue the case in order to investigate late night threatening telephone calls that the defendant had been receiving, some of which had been traced to the victim's place of employment. Defense counsel also claimed that he was prepared to present evidence that, during the pendency of the case, the defendant's automobile had been vandalized several times and the front door of his apartment had been kicked down twice. The judge advised the parties that he was prepared to grant the continuance based on those representations. The victim, through the Commonwealth, objected to the continuance and requested that the case proceed to trial. The judge then asked the parties to confer and attempt to resolve the case without a trial.

Following the conference, the parties reported to the judge that they were unable to agree on a disposition — the defendant seeking a continuance without a finding for one year, and the prosecution insisting on a finding of guilty with one year's probation.

At this point, defense counsel provided the court with information regarding the defendant's background, including his lack of a criminal record, bachelor's and master's degrees in business administration, employment in the financial services industry in Boston, and his receipt while in high school of a commendation for having initiated CPR on an Army lieutenant who suffered a heart attack on a public street. In addition, defense counsel informed the judge that the acts alleged "were

not indicative of the [d]efendant's character," and that he recently had married a member of a minority group.

After further discussion regarding how the judge might rule on the pending motion for a continuance, the defendant admitted to sufficient facts and tendered pleas of guilty, as provided by G. L. c. 278, § 18, together with a request that guilty findings not be entered and that the case be continued without a finding for one year.[2] The Commonwealth recommended the entry of a guilty finding and a probationary sentence including community service. Following this exchange, the judge held a hearing during which the Commonwealth recited a summary of the facts underlying the charges, including the police report of the incident, and the victim made a statement about how the incident had affected her.

The judge found that the Commonwealth's recitation of facts was a sufficient basis to find the defendant guilty, and accepted the defendant's request, made over the Commonwealth's objection, to continue the case for one year without a finding, subject to certain conditions to be discussed below. In support of his decision to accept the defendant's terms, the judge found that the defendant readily admitted guilt and expressed contrition for his action; was a stranger to the victim and had not initiated further contact with her; had no prior involvement with the criminal justice system; held a responsible job in the financial services industry and the imposition of a guilty finding could affect his employment status and future employment; and did not present a danger to the victim. The judge also found that the

---

[2]General Laws c. 278, § 18, reads in pertinent part as follows: "A defendant who is before the Boston municipal court or a district court or a district court sitting in a juvenile session or a juvenile court on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. *Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed,* such continuance conditioned upon compliance with specific terms and conditions *or* that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]" (emphases added).

incident was a single event lasting less than five minutes; that the Commonwealth was not seeking to have the defendant incarcerated; and that the interests of justice and the interest of the victim were protected by continuing the matter without a finding with the imposition of a "serious fine and conditions."[3]

As provided in G. L. c. 278, § 18, the judge then imposed a number of specific terms and conditions. The judge ordered that the defendant be placed on "unsupervised probation" for one year, on the condition that the defendant not have any contact with the victim, that he publicly apologize to her in front of her fellow employees and members of her union, and that he make a payment of $5,000 as "restitution" to her.[4]

In overruling the Commonwealth's objection to this disposition, the judge ruled that it conformed to the requirements of G. L. c. 278, § 18, and, because both charges were misdemeanors[5] and did not implicate a mandatory minimum sentence, a continuance without a finding was not "otherwise prohibited by law." The judge further ruled that the defendant's request for probation without the requirement of reporting to a probation officer (unsupervised probation) was reasonable because of the defendant's lack of prior involvement with the criminal justice system, and further contact between the defendant and the victim was unlikely. The requirement to report in person or by telephone to a probation officer was thus not in the interests of justice. The judge, however, imposed all the other standard

---

[3]The judge later referred to this "serious fine" as "restitution." The District Court probation form, completed by the defendant and the probation officer and signed by the judge, also refers to the payment as "restitution."

[4]In his findings of fact submitted to the single justice, the judge stated that he specifically asked the Commonwealth what amount of money would be satisfactory restitution to the victim, and was informed by the assistant district attorney that, although the victim did not want the money, $5,000 would be appropriate. The Commonwealth disagrees and contends it was the judge who put forth the $5,000 amount. The defendant agrees with the judge's version of events. Because the tape recording of the proceedings is inaudible, we are unable to determine more definitively the genesis of this $5,000 figure. In any event, the initiation of the discussion regarding the amount is not relevant to our decision.

[5]The Commonwealth challenges the judge's finding that a violation of the civil rights statute, G. L. c. 265, § 37, without bodily injury, is a misdemeanor. We need not decide that issue. Even if the violation were a felony, G. L. c. 278, § 18, would not bar a continuance without a finding.

conditions of probation on the defendant, including the require-
ment that he maintain gainful employment; notify the probation
officer of any change in status including employment or hous-
ing; and refrain from committing any local, State, or Federal
crimes.[6]

3. *Lawfulness of the disposition.* The Commonwealth chal-
lenges the legality of the judge's disposition, contending that a
continuance without a finding imposing unsupervised probation
and conditioning the continuance on the payment of money to
the complaining witness does not comply with either the require-
ments we set out in *Commonwealth* v. *Brandano*, 359 Mass.
332, 337 (1971), or with G. L. c. 278, § 18, and is thus
unlawful. We need not reach the issue of the judge's compli-
ance with *Brandano*'s procedural requirements because we
conclude that such compliance is not necessary when imposing
a continuance without a finding without the consent of the Com-
monwealth so long as such actions are authorized by and
consistent with G. L. c. 278, § 18. See note 9, *infra.* Cf. *Com-
monwealth* v. *Clerk of the Boston Div. of the Juvenile Court
Dep't*, 432 Mass. 693, 700 n.10 (2000) (not deciding whether
*Brandano* procedures survived after promulgation of Mass. R.
Crim. P. 15, as appearing in 422 Mass. 1501 [1996], permitting
Commonwealth to appeal from dismissals of complaints or
indictments).

Continuances without a finding and admissions to sufficient
facts have long been part of the District Court practice. *Com-
monwealth* v. *Duquette*, 386 Mass. 834, 837-838 (1982)
(superseded by G. L. c. 278, § 18). In *Commonwealth* v. *Bran-
dano, supra* at 334-337, this court upheld the practice of
continuing cases without a finding over the objection of the
Commonwealth, provided certain procedural protections were
met. Specifically, we held that the defendant must file an af-
fidavit justifying dismissal, to which the Commonwealth has a
right to file a counter affidavit. *Id.* at 337. The judge must then
hold a hearing as to the matters that are in dispute, decide
whether "the interests of public justice" require a dismissal,

---

[6]These conditions were imposed in open court. The only specific conditions
that appear on the District Court probation form signed by the defendant are
"no new arrests" and the $5,000 payment termed "restitution."

and make written findings. We also held that the Commonwealth had a right of appeal. *Id.* We reasoned that if these steps were followed, the disposition of continuance without a finding over the objection of the Commonwealth would not be constitutionally offensive. See *id.* at 336-337. The *Brandano* decision governed the practice of continuing cases without a finding until the Legislature rewrote G. L. c. 278, § 18, in 1992 to provide statutorily for these dispositions. St. 1992, c. 379, § 193 (effective January 1, 1994).

As amended, G. L. c. 278, § 18, authorized the District Court, in some circumstances, to continue cases without entering a finding of guilt "to a specific date thereupon to be dismissed." Such continuances are to be conditioned *either* on compliance with specific terms and conditions set by the District Court *or*, in the alternative, by placing the defendant on probation during the period of the continuance pursuant to the provisions of G. L. c. 276, § 87.[7] We upheld the constitutionality of the newly rewritten statute in *Commonwealth* v. *Pyles*, 423 Mass. 717, 723 (1996).[8]

In the *Pyles* case, this court stated that the Legislature was "undoubtedly aware of the decision in the *Brandano* case which created a practice concerning the dismissal of the criminal charge after a continuance that has been used for twenty-five years without substantive challenge." *Id.* at 722. The words of the statute, however, do not incorporate the *Brandano* procedures including the requirements of affidavits, a hearing, and written findings by the judge that the disposition was in the interests of public justice. Because the Legislature did not include them in the codification of this practice, we find no reason to superimpose the *Brandano* procedures on dispositions made under G. L.

[7]General Laws c. 276, § 87, states in part: "The superior court, any district court and any juvenile court may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, *or in any case after a finding or verdict of guilty* . . ." (emphasis added).

[8]In *Commonwealth* v. *Pyles*, 423 Mass. 717, 723 (1996), we held that "[w]hen the procedure provided for by § 18 is used, it is important that the record reflect the reasons for the judge's allowance of the continuance without a finding." We continue to require that judges adhere to this requirement so

c. 278, § 18.[9] We now proceed to analyze whether the judge's disposition complied with the statute.

a. *Imposition of unsupervised probation.* The Commonwealth argues that the judge erred when he imposed "unsupervised probation" because a continuance without a finding over the Commonwealth's objection must include a term of supervised probation. If it does not, the disposition amounts to a nolle prosequi which is within the exclusive power of the prosecution, thereby violating the separation of powers principles in art. 30 of the Massachusetts Declaration of Rights.[10] We disagree.

First, the plain words of the statute do not require the imposition of supervised probation as a requirement of a continuance without a finding. Rather, G. L. c. 278, § 18, provides that such a continuance may be "conditioned upon compliance with specific terms and conditions *or* that the defendant be placed on probation" (emphasis added). Probation (supervised or unsupervised) is not a requirement of the statute, but an alternative to other conditions which the judge might find more appropriate. See commentary to Rule 9 of the District Court Rules for Probation Violation Proceedings (2001) (stating that continuance without finding may be imposed with or without probation). To hold otherwise would convert the disjunctive "or" into the conjunctive "and," something for which there is no basis or logic.

Here, the judge conditioned the continuance on the defendant's having no contact with the victim, his public apology to the victim, and the payment of $5,000. These conditions were tailored to the judge's view of the particular requirements and

that a determination can be made on appeal that their exercise of discretion under § 18 was in the interests of justice and not abused.

[9]We do not address in this case whether the *Brandano* procedures still provide an alternative method for the disposition of criminal cases outside of G. L. c. 278, § 18.

[10]Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

circumstances of the case.[11] The fact that he also imposed "unsupervised probation" is additive, not required by the statute, and clearly does not create any further obligation that probation be "supervised."[12]

Second, as we held in *Commonwealth* v. *Pyles, supra* at 723, § 18 "does not in effect authorize the entry of an improper nolle prosequi," but represents "a valid exercise of legislative authority and, as a consequence . . . the judge's disposition did not infringe on the district attorney's rights as protected by art. 30." The Commonwealth makes the same argument rejected in the *Pyles* case, where it challenged the constitutionality of the statute. There is nothing in the facts or the procedures followed in this case to distinguish it from the situation in *Pyles*.[13] Therefore, we reject the Commonwealth's argument for the reasons set forth more fully in *Commonwealth* v. *Pyles, supra.*

The judge followed the procedures set forth in G. L. c. 278, § 18, for considering a guilty plea in the circumstances where the Commonwealth and the defendant do not agree on an appropriate disposition. He held a hearing, at which the Commonwealth and the defendant (and in this case the victim) had

---

[11] The Commonwealth at oral argument suggested that G. L. c. 278, § 18, does not grant the District Court substantive authority to impose terms and conditions. According to the Commonwealth, that statute is essentially the procedural statute whereas the underlying penal statutes provide the punishments and sentences that may be imposed as terms and conditions. We do not address this argument directly, as it was neither argued below nor in the Commonwealth's brief. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

[12] Even though the judge termed the defendant's status in his findings as "unsupervised probation," the District Court probation form completed at the time of the disposition specifically indicates that the defendant was placed on "Administrative Supervision." Administrative supervision has long been recognized as a form of probation supervision and is used when the court intends no direct probation officer intervention beyond the collection of monies and the enforcement of any other specific court order. See § 1:03 of the Standards for Supervision for Probation Offices (1989); *id* at commentary to § 1:00. As such, the defendant was on probation and was subject to some less formal type of supervision, not of the heightened type usually associated with probation.

[13] In *Commonwealth* v. *Pyles, supra* at 721 & n.6, the judge continued the complaint against the defendant (assault and battery by means of a dangerous weapon) without a finding, imposing two specific conditions: that the defendant enter a substance abuse treatment program and pay certain expenses incurred by the victim's mother.

an opportunity to present their arguments, and he imposed a continuance without a finding with a number of specific conditions. He found that the disposition was in the interests of · justice for reasons he set forth in the record. He violated neither the statute nor art. 30.

We now turn to one of the specific conditions imposed.

b. *Monetary payment to the victim.* "Any act which is made punishable by law as a crime is an offence against the public, and, especially in this country, where all prosecutions are subject to the control of official prosecutors, and not of the individuals immediately injured, cannot lawfully be made the subject of private compromise, except so far as expressly authorized by statute. And this view is supported by the great weight of American authority." *Partridge* v. *Hood,* 120 Mass. 403, 407 (1876).

This bedrock principle of American justice is important for several reasons. Private payments exchanged for releases from criminal responsibility erode, if not completely erase, the demarcation between the criminal and civil systems of justice and "benefit the individual at the expense of defeating the course of public justice." *Id.* at 405. Moreover, such payments create the perception that a class-based criminal justice system exists and that those with resources may buy their way out of criminal liability. Our law does not countenance payments directed to private parties for the purpose of or in connection with the termination of criminal proceedings absent clear statutory authority for such payments, and we are not disposed to construe such statutory provisions beyond their expressed purposes and specific requirements. Although G. L. c. 278, § 18, does not enumerate, define, or limit the scope of the terms and conditions that the District Court may impose, the judge's imposition of the condition of a payment to the complaining witness is contrary to the public policy embodied in this principle, and, in the circumstances of this case, is without support in any statutory provision.

If it was the judge's intention to impose a financial penalty on the defendant, he could have accomplished that legitimate objective by requiring the defendant to pay the "reasonable and actual expenses of the prosecution," pursuant to G. L. c. 280,

§ 6.[14] These expenses could have been significant, but would have been paid to the Commonwealth rather than to the complaining witness.

To the extent that the judge wanted to ensure that the victim of the defendant's conduct was made whole and was reimbursed for any economic loss caused by the defendant's actions and by the consequent prosecution of the case, he could have directed that restitution be calculated and made a requirement of the final disposition, for restitution is an appropriate consideration in sentencing. *Commonwealth* v. *Nawn*, 394 Mass. 1, 6 (1985). Victims are entitled to request restitution and judges are empowered to impose it pursuant to G. L. c. 258B, § 3 (*o*).[15] The purpose of restitution, however, is to compensate the injured party for losses incurred as a result of the defendant's criminal conduct. It is not to reward or create an incentive for the dismissal of criminal charges. The payment of restitution is limited to the economic losses caused by the conduct of the defendant and documented by the victim. See G. L. c. 258B, § 3 (*o*); *Commonwealth* v. *Nawn*, *supra* at 7-8 (amount must be subject to proof of economic loss). Cf. *Commonwealth* v. *Yeshulas*, 51 Mass. App. Ct. 486, 492 (2001) (in setting restitution order in arson case, proper for judge to rely on fire department, with no stake in amount, to estimate loss to victim).

While such items as medical expenses, court-related travel expenses, property loss and damage, lost pay, or even lost paid vacation days required to be used to attend court proceedings might all be included in an appropriately documented restitution order, this was not the case here. A dollar amount was selected without regard to any fact other than whether it might "satisfy" the victim in this case.[16,17]

---

[14]In relevant part, G. L. c. 280, § 6, provides: "A justice may, as a condition of the dismissal or placing on file of a complaint or indictment, or as a term of probation, order the defendant to pay the reasonable and actual expenses of the prosecution."

[15]General Laws c. 258B, § 3 (*o*), affords victims the right to request "that restitution be an element of the final disposition of a case and to obtain assistance from the prosecutor in the documentation of the victim's losses."

[16]The record suggests that the victim neither sought nor wanted this payment, and wished to proceed with the prosecution. See *supra* note 4.

[17]The Commonwealth argues that this payment was not an accord and

For these reasons we find that the imposition of a financial payment to be made to a complaining witness as a condition of the continuance without a finding and dismissal, in the circumstances of this case, was contrary to law and public policy and not authorized by the court's power to impose terms and conditions on a continuance without a finding disposition as provided in G. L. c. 278, § 18.

5. *Conclusion.* The District Court judge's disposition pursuant to G. L. c. 278, § 18, did not require the imposition of supervised probation as a term or condition of his continuing the case without a finding, but was unlawful in so far as it included a condition requiring the payment of money, not properly documented as restitution, to a complaining victim. We remand this case to the county court for entry of a judgment remanding the case to the District Court for further proceedings consistent with this opinion.[18]

*So ordered.*

---

satisfaction, as authorized by G. L. c. 276, § 55, see *Commonwealth* v. *Henderson, ante* 155 (2001), and that if it were, then the statute is unconstitutional. This argument is not properly before us for two reasons. First, as the defendant points out, this payment was never presented or accepted as an accord and satisfaction in the District Court, and consequently the issue was never argued there or preserved for appeal. Second, the district attorney's office did not inform the Attorney General of this challenge to G. L. c. 276, § 55, as required by G. L. c. 231A, § 8. We therefore do not address it.

[18]The defendant suggests that this case is moot because the single justice's order to stay the proceedings was entered three days after the one-year continuance expired. Based on the record before us, we do not agree that the case is moot. The single justice entered a stay on December 6, 2000, and the date to which the case had been continued, as indicated on the District Court's criminal docket sheet, was December 3, 2000. However, no final disposition of dismissal had been entered in the District Court prior to the stay, and the District Court docket sheet reveals a note posted on it stating, "SJC has stayed case; do not dismiss."