SINGH, J.
*356 After jury trial in the Boston Municipal Court, the defendant was convicted of assault and battery on a pregnant person. Due to continuances for various reasons, the defendant was not sentenced for over six months after his conviction. The judge ultimately sentenced the defendant to three months in a house of correction, suspended for six months (during which time the defendant would be on probation), and ordered the sentence imposed nunc pro tunc to the date of the defendant's conviction. The result was that the defendant was discharged from probation without ever having been placed on probation. The Commonwealth filed a timely motion to revise and revoke the defendant's sentence, which was denied. This appeal followed. For the reasons *357 set forth below, we conclude that the nunc pro tunc probationary sentence was not a lawful sentence. We vacate the sentence and remand for resentencing.
Background. In September of 2015, a complaint issued against the defendant for assault and battery on a pregnant person (his wife), and intimidation of a witness. During the pendency of the proceedings, the defendant was free on $500 bail and the condition that he not abuse his wife. The defendant's wife did not testify at trial, though her statements were admitted through a 911 recording introduced by the Commonwealth. After a two-day jury trial, *788 on April 13, 2016, the defendant was convicted of assault and battery on a pregnant person, and acquitted of intimidation of a witness. The Commonwealth moved for sentencing, and requested that the defendant be sentenced to a three-year term of probation, with conditions including that he complete a certified batterer's intervention program (CBIP). The defendant requested that his conviction be filed for three years, to avoid potential immigration consequences.
The judge asked the parties to prepare sentencing memoranda, which were submitted, and the parties reconvened on July 27, 2016. At that time, the judge requested a further memorandum from the Commonwealth specifically addressing the defendant's proposed disposition. In its response, the Commonwealth reasserted its recommendation and objected to placing the defendant's conviction on file, noting that such a disposition could not be imposed without the Commonwealth's consent.[1] The judge ultimately set a sentencing date of November 1, 2016, and on that date sentenced the defendant to three months in a house of correction, suspended for six months, nunc pro tunc to April 13, 2016. In the same order, the judge retroactively discharged the defendant from probation, effective October 13, 2016.
The Commonwealth filed a motion to revise and revoke the sentence that was dated December 23, 2016, and the judge denied the motion in a memorandum dated January 10, 2017.[2] The Commonwealth then appealed from the order denying its motion to this court.
*358 Discussion. The Commonwealth argues that the nunc pro tunc provision of the defendant's sentence transformed it into "an illusory sentence," and rendered it illegal.[3] "An illegal sentence is one that is not permitted by law for the offense committed." Commonwealth v. McGuinness, 421 Mass. 472, 475, 658 N.E.2d 150 (1995). In reviewing a sentence for illegality, "[w]e begin with the proposition that 'a judge has considerable latitude within the framework of the applicable statute to determine the appropriate individualized sentence.' " Commonwealth v. Shea, 46 Mass. App. Ct. 196, 197, 704 N.E.2d 518 (1999), quoting from Commonwealth v. Goodwin, 414 Mass. 88, 92, 605 N.E.2d 827 (1993).
*789 We turn then to the statutes at issue here. Pursuant to G. L. c. 265, § 13A(b )(ii), assault and battery on a pregnant person must be punished by imprisonment or fine, or by both imprisonment and fine. Section 1A of G. L. 279, amended by St. 1975, c. 459, § 1, allows the court to "direct that the execution of the sentence, or any part thereof, be suspended, and that [the defendant] be placed on probation for such time and on such terms and conditions as it shall fix." The probation statute, G. L. c. 276, § 87, further provides that a District Court "may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper ... in any case after a finding or verdict of guilty" (emphasis added).
Generally, "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated."
*359 McNeil v. Commissioner of Correction, 417 Mass. 818, 821-822, 633 N.E.2d 399 (1994), quoting from Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513, 333 N.E.2d 450 (1975).
Here, the plain language of the probation statute authorizes a court only to place a defendant on probation "in the care of its probation officer." This requirement is in furtherance of the purpose of the statute. "The principal goals of probation are rehabilitation of the defendant and protection of the public," with others including "punishment, deterrence, and retribution." Commonwealth v. Lapointe, 435 Mass. 455, 459, 759 N.E.2d 294 (2001). "The purpose of probation rather than immediate execution of a term of imprisonment 'in large part is to enable the [convicted] person to get on his feet, to become law abiding and to lead a useful and upright life under the fostering influence of the probation officer.' " Commonwealth v. Wilcox, 446 Mass. 61, 64, 841 N.E.2d 1240 (2006), quoting from Mariano v. Judge of Dist. Ct. of Cent. Berkshire, 243 Mass. 90, 93, 137 N.E. 369 (1922).
"Probation obliges a defendant, under the oversight of a probation officer, to comply with the general conditions of probation-including the obligation to obey all laws, to report to a probation officer, and to notify the officer of a change of address-as well as any special conditions of probation tailored to the defendant." Commonwealth v. Powers, 73 Mass. App. Ct. 186, 188, 896 N.E.2d 644 (2008) (probation not equivalent to "mere bond requiring a defendant to keep the peace"). "If a defendant violates one or more conditions of probation, a judge may revoke his probation and sentence him to a term of imprisonment for his underlying conviction, or return the defendant to probation, with new or revised conditions." Commonwealth v. Goodwin, 458 Mass. 11, 15, 933 N.E.2d 925 (2010).
Probation must be "couple[d] ... with a supervisory element to ensure that the probationer abides by the probationary terms." Commonwealth v. Taylor, 428 Mass. 623, 626, 704 N.E.2d 170 (1999). That court supervision is an essential element of probation is not inconsistent with the common use of administrative probation supervision.[4] "Administrative supervision *790 has long been recognized as a form of probation supervision and is used when the court intends no direct probation officer intervention beyond the collection of monies and the enforcement of any other specific court order." *360 Commonwealth v. Rotonda, 434 Mass. 211, 219 n.12, 747 N.E.2d 1199 (2001). A defendant administratively supervised is nonetheless "on probation and [is] subject to some less formal type of supervision." Id.[5]
In the case at bar, the nunc pro tunc disposition purported to subject the defendant to probation, which began on the date of his conviction, but encompassed only a term during which the case was continued and he was free on bail with a condition not to abuse the victim. During this term, the defendant faced the possibility of having his bail revoked for failure to abide by the conditions of release, but he did not face the possibility of revocation of probation, reprobation, imprisonment for his underlying conviction, or other punishment consistent with violation of a lawful probationary sentence. Even where subject to conditions, "[c]ontinuing [a] case ... is not the equivalent of probation." Taylor, 428 Mass. at 626, 704 N.E.2d 170 (continuance conditioned on defendant abiding by restraining order and submitting to substance abuse evaluation and counselling not equivalent to probation). "Probation is a creature of statute ... with deep roots in the Commonwealth." Wilcox, 446 Mass. at 64, 841 N.E.2d 1240. "Artful nomenclature will not turn a statute authorizing probation into authorization for a continuance ruling. Absent this judicial alchemy, G. L. c. 276, § 87, provides no such authority." Taylor, 428 Mass. at 626, 704 N.E.2d 170. Thus, the nunc pro tunc sentence here did not constitute a lawful probationary sentence pursuant to the probation statute.
Because the defendant's sentence did not constitute probation, incarceration, or a fine, it was not within the range of permissible punishments for the defendant's offense under the relevant statutes, and cannot stand.
Conclusion. The order denying the motion to revise and revoke an illegal sentence is reversed. We remand this case for resentencing.
So ordered.

See Mass.R.Crim.P. 28(e), 453 Mass. 1501 (2009) ("The court may file a case after a guilty verdict or finding without imposing a sentence if the defendant and the Commonwealth both consent").

The Commonwealth had earlier filed a petition with the Supreme Judicial Court pursuant to G. L. c. 211, § 3, seeking a supervisory order vacating the sentence as unlawful. The single justice denied the Commonwealth's petition, indicating that it had an "adequate, alternative remedy."

In his memorandum of decision denying the motion to revise and revoke, the judge explained that he had made the sentence nunc pro tunc because it was the sentence he would have imposed on the date of conviction, had he had the necessary information on that date. Ordinarily, an order is made nunc pro tunc to reflect in the record something that actually took place but that due to some oversight was not correctly documented. See Commonwealth v. Walters, 479 Mass. 277, 279, 94 N.E.3d 764 (2018) (after remand for resentencing, term of incarceration made nunc pro tunc to reflect credit for time actually served). From the judge's comment that the "delay in sentencing cannot be charged to the [d]efendant," we infer that he was using the nunc pro tunc disposition "to prevent a failure of justice resulting ... from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement." Perkins v. Perkins, 225 Mass. 392, 396, 114 N.E. 713 (1917). Even so, the sentence imposed must be legal.

Administrative probation supervision is sometimes colloquially referred to as "unsupervised probation," a contradiction in terms. See Commonwealth v. Rotonda, 434 Mass. 211, 219 n.12, 747 N.E.2d 1199 (2001).

We note that the defendant's conviction involves a case of domestic violence, a felony charge, and an aggravated form of assault and battery. In these circumstances, probation standards provide for a presumptive high risk classification, indicating the need for intensive supervision. See § V(G) of the Standards and Forms for the Risk/Need Classification System and Probation Supervision for the Probation Offices of the District, Boston Municipal and Superior Courts (November 2014).