ISADORE F. RANDON vs. ROSE R. EDSTROM.

Suffolk.    December 12, 1973. — February 28, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Laches.    Equity Jurisdiction,* Laches.

Where, in an equity proceeding by one against his sister to determine
    title to real estate, it appeared that the brother knew that the
    property stood in the sister's name to his exclusion, but made no
    claim to it, for twenty-two years before bringing the proceeding and
    that during that period the sister bore all the expenses of ownership of
    the property, it was held that the proceeding was barred by lach-
    es. [798-799]

PETITION filed in the Probate Court for the county of
Suffolk on June 11, 1971.

The proceeding was heard by *Knight, J.*

*Thomas J. McGrimley* for the petitioner.

*Charles J. Wilkins* for the respondent.

ROSE, J.    This is an appeal from the dismissal of a
petition in equity brought in a Probate Court to determine
title to certain real estate. The case is before us on a report
of material facts. As the evidence has not been reported, the
only question presented for our determination is whether
the decree entered is supported by the findings of the judge.
*Briggs* v. *Briggs,* 319 Mass. 149, 150 (1946). *Caron* v.
*Wadas, ante,* 651 (1974).

The judge's findings may be summarized as follows. The
petitioner and the respondent are brother and sister. Their
father, Pietro Randon, bought the disputed real estate,
which is located at 33 Lotus Street, West Roxbury, as a
tenant in common with two business partners. In 1933, he
conveyed his undivided one-third interest in the property
to his wife Maria "in consideration of love and affection."
Two years after the conveyance Maria died intestate,
leaving as heirs Pietro and her three children: the petition-

Randon *v.* Edstrom.

er, the respondent and one Elsie. Pietro was appointed administrator of Maria's estate and guardian of the petitioner and of Elsie (the respondent was twenty-one years of age).

In his capacity as administrator, Pietro obtained a license to sell the estate's interest in the property and in mid-1938[1] conveyed it to one Edstrom, the respondent's husband. Edstrom immediately reconveyed that interest to Pietro as an individual. No guardian ad litem was appointed to represent the petitioner's interest in this transaction, and Pietro never filed an account, either as guardian of the petitioner or as administrator of Maria's estate.

The respondent moved away from the property in 1937 upon her marriage to Edstrom, but returned with her husband in 1938 in order to care for Pietro, Elsie and the petitioner. She has lived on the property ever since. The petitioner lived on the property until 1949, with the exception of a four year period of military service. At some time during the summer of 1949, at the age of thirty-one, he was ejected from the property following an argument over an "alcoholism problem."[2]

In April, 1949, Pietro deeded his interest in the property to the respondent. He died in February of 1950. Following Pietro's death, the respondent and her husband invited the petitioner to move back on the property. The petitioner accepted their invitation and lived there continuously until May, 1971, at which time the respondent evicted him because of his alcoholism. The instant petition was brought on June 11, 1971.

The petitioner argues that on these facts the 1938 conveyance from Edstrom to Pietro as an individual was

---

[1] The date of the conveyances between Pietro and Edstrom does not appear in the report of material facts. The parties, however, are agreed that the transactions took place on a single day in mid-1938.

[2] In the light of a subsequent reference in the report of material facts, we understand the alcoholism problem to have been the petitioner's. The report of material facts does not name the person responsible for the petitioner's ejection.

either void or voidable and should have been set aside. He also contends that the decree entered in this suit was based on an erroneous interpretation of his petition. We find it unnecessary to consider these issues since we are of the opinion that the petitioner was guilty of laches in the prosecution of his suit. In so ruling, we bear in mind that "mere delay does not constitute laches; there must be delay which works disadvantage to another." *Garfield* v. *Garfield,* 327 Mass. 529, 534 (1951). See also *Carter* v. *Sullivan,* 281 Mass. 217, 227 (1932). The question is whether the petitioner "has failed to bring . . . a suit for so long a time and under such circumstances that it would be inequitable to permit him now to prosecute the suit." Restatement: Restitution, § 148.

The judge here found that for a period of twenty-two years (commencing approximately ten years after he had attained the age of twenty-one) the petitioner was aware that the disputed property stood in the respondent's name to his exclusion but never made a claim to it. During this period the respondent bore the expenses of ownership, including mortgage payments, real estate taxes, insurance and water bills, and maintenance expenses. The petitioner's contribution was limited to "irregular and small payments toward his room and board." Also during this period the respondent, together with another tenant in common of the property, purchased the interest of the third tenant in common, thus increasing the respondent's interest in the property. The two purchasers took out a $12,000 mortgage to finance the transaction. The petitioner did not participate in the mortgage loan.

The respondent in this case has suffered substantial prejudice which could have been avoided had the petitioner promptly asserted his rights. The facts of the instant case differ substantially from those of *Carter* v. *Sullivan, supra,* where the defendant's expenditures were made within a period of two weeks, an interval too short for the plaintiffs to have intervened effectively. Moreover, the record discloses no excuse for the petitioner's delay. That the petitioner was permitted to live on the property during the

period in question we consider immaterial in light of the judge's finding that he knew of the state of title to the property and of the exclusion of his own interest therein. We conclude that the petitioner is barred by laches from bringing the instant petition. *Lindsey* v. *Fabens,* 189 Mass. 329 (1905). See also *Manning* v. *Mulrey,* 192 Mass. 547, 550 (1906); *Garfield* v. *Garfield, supra.*

*Decree affirmed.*