Brassard, J.
Plaintiffs, Elvira Y. Presutti and David A. Presutti (collectively the “Presuttis”), commenced this action to recover title to real estate and to obtain injunctive relief against defendant, Francis A. Constantino (“Constantino”) preventing him from transferring the property to any third party other than a designee of the Presuttis. In addition, the Presuttis seek specific performance of existing agreements, or in the alternative, damages for breach of contract. The intervenors, Charles and Mary Ellen Doherty (“Dohertys”), seek to enforce a purchase and sale agreement entered into with Constantino in November 1996. Both defendant and the intervenors raise the defense of laches.
A jury-waived trial was conducted from June 5 to June 10, 1997. Seven witnesses testified and 48 exhibits were admitted into evidence. Based on all the credible evidence, this Court makes the following findings of fact, and rulings of law.
FINDINGS OF FACT
1. On or about March 8, 1991, Boston Federal Savings Bank (“Boston Federal”) foreclosed on the building owned by the Presuttis located at 379 Main Street in Medford, Massachusetts (the “property”).
2. In good faith, Constantino, a long-time neighbor, agreed to assist the Presuttis’ attempt to repurchase the properly from Boston Federal after the foreclosure sale. On October 7, 1991, the Presuttis and Constantino entered into an agreement whereby Constantino would repurchase the property with the financial assistance of Franklin Zarba (“Zarba”), a relative of the Presuttis, and Edward Leahy (“Leahy”), a family friend. The agreement further provided that Constantino would reconvey the property to the Presuttis upon the payment of promissory notes in the total amount of $57,608.07 and other expenses incurred by Constantino. The agreement did not specify a date by which the property was to be reconveyed to the Presuttis. Five promissory notes dated between June and October of 1991, each with a six-month repayment period and seven percent interest rate, were signed by the Presuttis in favor of Constantino.
3. On October 8,1991, Boston Federal conveyed the property to Constantino for $120,000. Constantino granted mortgages to Zarba and Leahy, in the amounts of $40,000 and $36,600 respectively.
4. Shortly after the conveyance of the properly to Constantino, both the Presuttis and Constantino incurred expenses to effect repairs and reconstruction on the property. Constantino paid some of the costs with his credit cards.
5. On December 30, 1992, Elvira Presutti and Constantino entered into a purchase and sale agreement which provided that Constantino would convey the property to Elvira Presutti on or before March 1, 1993 for $140,000, subject to her obtaining financing and a certificate of occupancy from the City of Med-ford. The agreement also provided that the property would be conveyed by a release deed. This transaction was not completed when Constantino raised the purchase price to $165,000. Despite the failed transaction, both parties continued to make expenditures in connection with the reconstruction of the property.
6. Elvira Presutti secured leases with several parties in 1992 which provided for occupation of the building once construction was complete. The Presuttis also obtained a variance from the city of Medford in 1994 to convert the top floor of the building from residential to commercial use.
7. In January 1996, Constantino received a notice of foreclosure from the City of Medford for failure to pay property taxes. Over the years, Constantino had given Elvira Presutti the real estate tax bills to pay when they arrived in the mail. After a discussion with city officials in Medford, Constantino listed the property for sale with ERA Andrew Realty. When a large sign was placed in the window of the building, the Presuttis advised the broker that the property was not Constantino’s to sell. ERA Andrew Realty continued to list the property.
8. In March 1996, there was correspondence between Constantino’s lawyer and Zarba’s lawyer concerning the purchase of the property by Zarba, acting on behalf of the Presuttis, for $165,000, the purchase price requested by Constantino in May 1993. Zarba executed a purchase and sale agreement at that price, but the agreement was not signed by Constantino.
*253 9. The Dohertys made an offer of $190,000 which was accepted by Constantino, and a purchase and sale agreement was signed in November 1996. This agreement provided that the conveyance would be free and clear of all encumbrances. This agreement was entered into in good faith by the Dohertys, with no knowledge of the Presuttis’ interest in the property. The Presuttis brought this action when they learned of the purchase and sale agreement.
10. Constantino incurred $56,455.24 in unreimbursed expenses for repairs made to the property, including: 1) $24,030 for iron work done by Santini Brothers; 2) $4,750 for roofing done by Western Isle; 3) $1,205 for work on the sprinkling system done by Bert & Desmond; 4) $3,400 for engineering consulting done by Sarkis Zerounian & Associates; 5) $3,360 for insurance by Rodman Insurance; 6) $4,136.07 for electric service by Mass. Electric Co.; 7) $1,851.40 for a real estate tax payment; 8) $34 for an electricity permit from the city of Medford; 9) $3,775 for unreimbursed credit card purchases of building and electrical supplies; 10) $431.10 for unreimbursed cash purchases of building and electrical supplies; and 11) $8,482.67 for electrical work done by Constantino’s company Norfolk Downs. Constantino is not entitled under the October 7, 1991 agreement to payment for his supervision of the property.
11. The Presuttis have failed to establish that they are entitled to any further credits for the expenses incurred and paid for by Constantino.
RULINGS OF LAW
The Presuttis argue that the agreements of October 7, 1991 and December 30, 1992 should be specifically enforced. In opposition, Constantino and the Dohertys assert the defense of laches.
There are two written agreements at issue in this case; the initial agreement of October 7, 1991, and the later purchase and sale agreement of December 30, 1992. Constantino, however, asserts that the Presuttis’ rights to the property terminated six months after the October 7, 1991 agreement when the Presuttis failed to make any payments on the promissory notes. This court concludes that such a result would be inequitable and inappropriate in light of the parties’ involvement with the property after the October 7, 1991 agreement.
“Laches is an equitable defense consisting of an unreasonable delay in instituting the action, which results in some injury or prejudice to the defendant.” Yetman v. City of Cambridge, 7 Mass.App.Ct. 700, 707-09 (1979). “Laches does not merely constitute a delay but a delay that works to the disadvantage of another.” Mosely v. Briggs Realty Co., 320 Mass. 278, 283 (1946). It is an affirmative defense as to which the defendant has the burden of proof. Three Sons, Inc. v. Phoenix Insurance Company, 357 Mass. 271, 278-79 (1970). Here, the Presuttis are not guilty of an unconscionable delay in asserting their rights to the prejudice of the defendants. McGrath v. C.T. Sherer Co., 290 Mass. 35, 59 (1935). This Court finds that Constantino and the Dohertys failed to sustain their burden of proving laches.
The Dohertys argue that the Presuttis failed to take any action to assert their rights to the property from May 1993 to the commencement of this action, thereby causing harm and injury to the Dohertys. This Court disagrees with the Dohertys’ contention that the Presuttis sat on their rights to the property.
The Presuttis made several attempts to obtain the property from Constantino. Their efforts included telephone calls to Constantino, telephone calls to ERA Andrew Realty, correspondence between the Constantino’s lawyer and Zarba’s lawyer concerning the purchase of the property in March 1996, and an attempt to execute a purchase and sale agreement for the property between Constantino and Zarba for $165,000 in mid-March 1996. The Presuttis filed this claim in December of 1996 when they learned that Constantino had entered into a purchase and sale agreement with the Dohertys on November 25, 1996. The facts of this case differ substantially from Randon v. Edstrom where the petitioner waited twenty years to make his claim, during which time respondent made significant expenditures in connection with the property. Randon v. Edstrom, 1 Mass.App.Ct. 796, 798 (1974).
The terms of the original October 7,1991 agreement did not set a specific date by which the Presuttis were required to fulfill the terms of the agreement. In fact, from the execution of the October 7, 1991 agreement until mid-1996, both parties conducted themselves in a manner consistent with the belief that the October 7, 1991 agreement was still in effect. From May 1993 until late 1995, the Presuttis continued to reimburse Constantino for expenses incurred for repairs to the property. Further, the Presuttis secured three tenants to lease space on the property in 1992 and obtained a zoning variance to facilitate execution of those leases in 1994.
This Court finds that the Presuttis should be given a final opportunity to fulfill the terms of the original agreement. The October 7, 1991 agreement shall be specifically enforced as modified and updated by the December 30, 1992 agreement. This Court also concludes that $56,455.24 in unreimbursed expenses have been incurred by Constantino in the rehabilitation of the property. Pursuant to the October 7, 1991 agreement, Constantino must be reimbursed for these expenses.
ORDER
For the foregoing reasons, it is therefore ORDERED that Constantino convey the property at 379 Main Street, Medford, Massachusetts, to the Presuttis or their designee, on or before August 7, 1997, for 1) the *254 principal amount of the five promissory notes, totaling $57,608.07, plus accrued interest of $23,718.10 calculated at the rate provided in the notes from the dates of execution thereof to July 21, 1997 (per diem interest of $11.05 shall be added for each day the closing takes place after July 21, 1997), plus 2) $56,455.24 for unreimbursed expenses incurred by Constantino for the upkeep and repair of the property.
It is ORDERED that this conveyance shall take the form of a release deed, and the deed shall be subject to the following liens: real estate taxes owed to the City of Medford, and the mortgages owed to Franklin Zarba and Edward Leahy.
It is ORDERED that if the conveyance fails to take place because the Presuttis fail to perform as ordered, then the property may be sold by Constantino to Charles J. and Mary Ellen Doherty as per the purchase and sale agreement dated November 25, 1996, or in the event that purchase does not occur, to any other purchaser, free and clear of any claim by the Presuttis.
It is further ORDERED that should the property be sold to the Dohertys, then from the proceeds of the purchase price, Constantino shall first pay the outstanding real estate taxes and the mortgages owed to Franklin Zarba and Edward Leahy. Constantino may then retain the sums set forth in this order for the promissory notes, interest accrued to August 7, 1997, and the unreimbursed expenses. Any remaining balance shall be paid to the plaintiffs.
It is ORDERED that attorneys fees shall not be awarded to any party.