COMMONWEALTH *vs.* TIM T., a juvenile.

Middlesex. February 6, 2002. - August 23, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Sentence, Probation, Continuance, Dismissal.

This court concluded that a judge could not, over the Commonwealth's objection, allow a criminal defendant to by-pass G. L. c. 278, § 18, requiring an admission or plea of guilty, and place the defendant on pretrial probation for a number of years pursuant to G. L. c. 276, § 87, with the objective of dismissing charges against the defendant at the end of the probationary period. [594-598]

INDICTMENT found and returned in the Superior Court Department on July 19, 2000.

On transfer to the juvenile session of the Concord Division of the District Court Department, a motion for pretrial probation was heard by *Janet L. Sanders,* J., and questions of law were reported by her to the Appeals Court.

The Supreme Judicial Court granted an application for direct appellate review.

*Charles W. Rankin* (*Catherine J. Hinton* with him) for the juvenile.

*Katharine B. Folger,* Assistant District Attorney, for the Commonwealth.

*Donald S. Bronstein,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

*Richard M. Egbert,* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

SOSMAN, J. A judge in the juvenile session of the District Court reported three questions to the Appeals Court:

"1. Pursuant to G. L. c. 276, § 87 and using the procedure described in *Commonwealth* v. *Brandano,* 359

Mass. 332 (1971), may a court place a criminal defendant on pretrial probation for a period of years, with dismissal at the end of the probationary period, over the Commonwealth's objection?"

"2. If the answer to question 1 is yes, is pretrial probation, over the Commonwealth's objection, an available dispositional device for individuals charged with a violation of either [G. L. c. 265, §§ 23 or 13B]?"

"3. If the answer to question 2 is yes, what are the factors to be applied in determining whether pretrial probation followed by dismissal over the Commonwealth's objection is 'in the interests of public justice'?"

We granted the juvenile's application for direct appellate review and answer only the first question, which we answer in the negative.

1. *Background.* In July, 2000, a Middlesex County grand jury indicted the juvenile as a youthful offender under G. L. c. 119, § 54, on three counts of rape of a child and three counts of indecent assault and battery on a child under the age of fourteen years. The alleged crimes took place between September, 1998, and April, 2000. The details of the incidents are not relevant to the analysis, and we therefore do not recite the specific facts alleged. Suffice it to say that the Commonwealth contends that the juvenile perpetrated numerous sexual assaults on his younger sister despite her pleas and protests, while the juvenile contends that his own history as a victim of chronic sexual abuse casts his alleged conduct in a different light and "constitutes a strong mitigating factor."

On July 31, 2000, the juvenile was arraigned on these charges in the juvenile session of the Concord Division of the District Court Department. On November 22, 2000, the juvenile filed a motion for pretrial probation. He requested a two-year period of probation, with conditions to include both residential and outpatient treatment, and a dismissal of the charges on the successful completion of that probation. On December 1, the Commonwealth opposed the motion and requested a hearing pursuant to *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971) (*Brandano*). On the same date, the Commonwealth also filed a

motion asking that trial be scheduled, along with a notice of its intent to appeal from any dismissal of the charges. As part of its opposition, the Commonwealth argued that the proposed disposition was not authorized by G. L. c. 276, § 87, and that it would be contrary to the limitations on disposition for the specific offenses charged. See G. L. c. 265, §§ 13B and 23.

A District Court judge held a hearing in the juvenile session, during which the juvenile asked the judge to report questions of law to the Appeals Court concerning the legality of pretrial probation as a disposition in his case. The judge denied the juvenile's motion and declined to report questions of law. The parties jointly moved the judge to reconsider her decision to decline to report questions of law. The judge then issued a supplemental memorandum and order, vacating the previous order and reporting the three questions of law set forth above.

2. *Discussion.* The first reported question asks whether a judge may, over the Commonwealth's objection, order a lengthy period of pretrial probation under G. L. c. 276, § 87, with the objective of dismissal at the end of the probationary period, utilizing the *Brandano* procedures to address the Commonwealth's objections to such a dismissal. We conclude that G. L. c. 276, § 87, cannot be used to dispose of the case in this manner.

General Laws c. 276, § 87, reads in pertinent part: "The superior court, any district court and any juvenile court may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, *with the defendant's consent, before trial and before a plea of guilty*, or in any case after a finding or verdict of guilty . . ." (emphasis added). As worded, the statute says nothing about disposing of a case. It does not provide for any form of dismissal, filing, plea, or adjudication of the charge. Nor does it provide for any continuance of the trial date, or otherwise authorize postponement of the trial contingent on the defendant's compliance with the probationary terms. The use of pretrial probation under G. L. c. 276, § 87, by itself, as a disposition of a case is inconsistent with the Legislature's intent in enacting that section, as signi-

fied by the absence of any dispositional language in the wording of the statute. Standing alone, § 87 does not provide a method for disposing of a case. Cf. G. L. c. 278, § 18.

The use of pretrial probation under G. L. c. 276, § 87, as a step leading to disposition is permissible when used in conjunction with G. L. c. 278, § 18, which sets the requirements for using pretrial probation as a dispositional device.[1] Here, however, the juvenile proposes to dispose of his case solely under G. L. c. 276, § 87, without satisfying G. L. c. 278, § 18.[2] Avoiding the requirements of G. L. c. 278, § 18, he asks that the court place him on pretrial probation under G. L. c. 276, § 87, for a period of two years, and dismiss the charges at the end of that period if he has complied with all his probationary conditions.

This proposed use of pretrial probation under G. L. c. 276, § 87, as a form of disposition is predicated on two additional components not mentioned in that section, namely, the continuance of the case for the entire term of probation and the dismissal of the charges at the end of that term. Looking only at the two-year continuance necessary to accomplish the juvenile's proposed disposition, we conclude that such a continuance may not be ordered over the Commonwealth's objection. As the present case illustrates, the proposed period of pretrial probation, and hence the length of the continuance of the case, is

---

[1]General Laws c. 278, § 18, provides: "[A] defendant with whom the commonwealth cannot reach an agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]." For purposes of this procedure, a "statement consisting of an admission of facts sufficient for finding of guilt . . . shall be deemed a tender of a plea of guilty." Id.

[2]Disposition under G. L. c. 278, § 18, is not available in this case because the Legislature has expressly prohibited such a disposition for the offenses with which the juvenile was charged. See G. L. c. 265, §§ 13B and 23 ("a prosecution commenced under the provisions of this section shall not be placed on file or continued without a finding"). See also Commonwealth v. Quispe, 433 Mass. 508, 511-512 (2001).

often substantial.[3] Here, some five months after the juvenile was indicted, the Commonwealth filed a motion asking that the matter be scheduled for trial. Nothing in § 87 permits a judge to ignore that motion or to order a lengthy continuance over the Commonwealth's objection. See *Commonwealth* v. *Taylor*, 428 Mass. 623, 626 (1999).

It would unfairly prejudice the Commonwealth to order a lengthy continuance in anticipation of dismissing the case over the Commonwealth's objection at the end of the pretrial probationary period. A defendant placed on pretrial probation in this manner has not pleaded guilty or admitted to facts sufficient to support a finding of guilt. Cf. G. L. c. 278, § 18. Thus, in the event the probationary terms were violated, the only recourse would be to return the case to the trial calendar. The Commonwealth would then face the task of prosecuting a stale case, with all the difficulties that plague such a delayed trial — disintegrating evidence, fading memories, inability to locate crucial witnesses. A court seeking to use pretrial probation under § 87 as a form of disposition, without obtaining the guilty plea or admission to sufficient facts that is required for a disposition under G. L. c. 278, § 18, thus faces the awkward dilemma of ordering a probationary period commensurate with the severity of the crime and of sufficient length to accomplish the desired rehabilitative purpose, while simultaneously avoiding the prejudice to the Commonwealth inherent in any substantial continuance of the trial. A continuance without a finding under G. L. c. 278, § 18, eliminates this prejudice by obtaining, in advance of the continuance, the defendant's admission, so that any violation of the probationary terms may lead directly to an adjudication of guilt and imposition of sentence. Allowing a defendant to resort directly to G. L. c. 276, § 87, as

---

[3]The reported question asks us to assume a probationary term amounting to "a period of years." A continuance of that length would obviously take the case beyond the time limits set by Mass. R. Crim. P. 36 (b), as amended, 422 Mass. 1503 (1996). While a defendant or juvenile may waive the right to a speedy trial, the Commonwealth, the victims, and the witnesses also have an interest in ensuring that trials are conducted in a timely manner. See G. L. c. 258B, § 3 (f) (victims' and witnesses' "basic and fundamental rights" include right "to a prompt disposition of the case in which they are involved"); *Hagen* v. *Commonwealth*, ante 374, 378-379 (2002).

a disposition, thereby avoiding the G. L. c. 278, § 18, require-ment of an admission or plea of guilty, places the Com-monwealth in an untenable position in the event of a violation of the probationary terms.

Of course, if the Commonwealth *agrees* to the risks inherent in such a continuance, it cannot later complain of any prejudice to its case resulting from the delay. Thus, a judge may place a defendant on pretrial probation under G. L. c. 276, § 87, continue the case for a probationary period agreed to by the Commonwealth, with the understanding that successful comple-tion of that probation will result in dismissal of the charges. Nothing in G. L. c. 276, § 87, prevents the use of pretrial proba-tion as one component of an agreed-on disposition of a case. In such a disposition, the Commonwealth has agreed to the continuance necessary for such a disposition, and has agreed in advance that, on the defendant's satisfactory completion of the probationary period, it will have no objection to the dismissal of the charges. This is a permissible — and indeed common — use of § 87.

What is not permissible, however, is to force the Com-monwealth to endure the risks of a lengthy continuance for these purposes when it does not agree to endure them. Where, as here, the Commonwealth is moving for trial, the court may not instead order a lengthy term of probation to be followed by dismissal. In effect, absent compliance with G. L. c. 278, § 18, the use of a substantial period of pretrial probation under G. L. c. 276, § 87, as a "disposition" of a case may only be undertaken with the Commonwealth's consent.[4]

We answer the first reported question, "No," and therefore need not answer either of the remaining questions. The case is

---

[4]Because we hold that the proposed continuance during the probationary period cannot be ordered over the Commonwealth's objection, we need not address whether the later dismissal could also be ordered over the Com-monwealth's objection by utilizing the procedures outlined in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971). Once again, "[w]e do not address in this case whether the *Brandano* procedures still provide an alternative method for the disposition of criminal cases outside of G. L. c. 278, § 18." *Com-monwealth* v. *Rotonda*, 434 Mass. 211, 218 n.9 (2001).

remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*