COMMONWEALTH *vs.* SEBASTIAN S., a juvenile, & another.[1]

Suffolk. March 8, 2005. - May 24, 2005.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Sentence, Probation, Continuance without a finding, Admission to sufficient facts to warrant finding, Dismissal, Plea.

This court concluded that there is no legally cognizable disposition of "pretrial probation" after an admission to sufficient facts (as distinct from a continuance without a finding conditioned on probation, a disposition authorized by G. L. c. 278, § 18); therefore, a single justice of this court erred in denying the Commonwealth's petition pursuant to G. L. c. 211, § 3, to correct the docket entries recording the disposition of complaints brought against a juvenile and a criminal defendant (which identified "pretrial probation" after an admission to sufficient facts as the disposition of the case), and the matters were remanded to their respective trial courts with the direction that the juvenile and the criminal defendant be given the option to withdraw their admissions or to correct the docket to reflect the lawful sentences of continuance without a finding conditioned on probation. [310-315]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on September 26, 2003.

The case was heard by *Greaney,* J.

*John P. Zanini,* Assistant District Attorney (*Joseph M. Ditkoff,* Assistant District Attorney, with him) for the Commonwealth.

*Lisa H. Healy* (*Francis Adams* with her) for the juvenile.

*Adriana Contartese* for Francisco Romero.

CORDY, J. The Commonwealth appeals from the denial of its petition, pursuant to G. L. c. 211, § 3, to correct the docket entries recording the dispositions of complaints brought against a juvenile and Francisco Romero. The juvenile had admitted to facts sufficient for a finding of delinquency, after which a judge in the Juvenile Court placed him on "pretrial probation" for six months. The docket reflects the tender and acceptance of the

[1]Francisco Romero.

admission and a disposition of "pretrial probation." Similarly, a judge in the District Court placed Romero on "pretrial probation" for 364 days after he admitted to facts sufficient for a guilty finding on a complaint of assault and battery. The docket identifies "pretrial probation" as the disposition and appears to indicate that Romero admitted to sufficient facts.[2] In each case, the judge indicated an intention to dismiss the complaint if the defendant completed his probationary period without incident. The Commonwealth objected to the dispositions and filed motions to correct the dockets to reflect that the dispositions were in fact "continuances without a finding," after an "admission to sufficient facts."[3]

For the reasons set forth below, we conclude that there is no legally cognizable disposition of "pretrial probation" after an "admission to sufficient facts" distinct from a "continu[ance] without a finding" conditioned on probation, a disposition authorized by G. L. c. 278, § 18. Consequently, the dispositions imposed were not in conformance with the law. Insofar as the denial of the Commonwealth's petition was based on the single justice's conclusion that "pretrial probation and dismissal" is a disposition permitted under G. L. c. 278, § 18, it was in error. The cases are to be remanded to their respective trial courts with direction that the defendants be given the option to withdraw their admissions. If they choose not to do so, the dockets are to be corrected to reflect the lawful sentences of "continuance without a finding" conditioned on probation.

1. *Background.* a. *The juvenile.* In December, 2002, a delinquency complaint was issued against the juvenile for wilful and malicious destruction of property exceeding $250 in value, in violation of G. L. c. 266, § 127. The Commonwealth requested that the case be continued without a finding for six months and that the juvenile pay restitution. On March 3, 2003,

---

[2]The box on the criminal docket describing the "Disposition Method" as "Guilty Plea or Admission to Sufficient Facts" is not checked, but the "Admission to Sufficient Facts" description is underlined.

[3]On appeal, the Commonwealth also contends that the records of the criminal history systems board (probation records) are inaccurate. The juvenile's probation record identifies a "continuance" as the disposition. Romero's probation record identifies a "continuance" and "pretrial probation" as the disposition.

a judge in the Boston Juvenile Court placed the juvenile on pretrial probation for six months, over the Commonwealth's objection, and without requiring either a guilty plea or an admission. After a subsequent review of *Commonwealth* v. *Tim T.*, 437 Mass. 592 (2002), the judge determined "that a disposition of pre-trial probation, over the objections of the Commonwealth, cannot enter without an admission to sufficient facts made by the defendant." Consequently, at a hearing on April 2, the juvenile waived his rights to a trial and admitted to sufficient facts for a finding of delinquency. The disposition of "pretrial probation" remained in place. At the Commonwealth's request, the judge issued written findings and rulings on August 7, 2003. The judge determined that G. L. c. 278, § 18, permitted her to impose pretrial probation after an admission to sufficient facts and to dismiss the charge after the successful completion of the probationary period.[4] She concluded that this disposition was "essentially the same as continuing the

---

[4]General Laws c. 278, § 18, provides in relevant part:

"A defendant who is before the Boston municipal court or a district court or a district court sitting in a juvenile session or a juvenile court on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that *a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including,* unless otherwise prohibited by law, *a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of section eighty-seven of chapter two hundred and seventy-six.* If such a plea, with an agreed upon recommendation or with a dispositional request by the defendant, is tendered, the court shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant, whichever is applicable, without giving the defendant the right to withdraw the plea.

"If a defendant, notwithstanding the requirements set forth hereinbefore, attempts to enter a plea or statement consisting of an admission of facts sufficient for finding of guilt, or some similar statement, such

case without a finding [of delinquency]" but that it was in "the interests of public justice" to impose "pretrial probation" instead, because the juvenile would lose his job with the State parole board, "his sole mechanism for paying restitution," if the court continued the case a without a finding.

On August 20, the Commonwealth filed a motion to correct the court docket. Five days later, pursuant to Mass. R. Crim. P. 42, 378 Mass. 919 (1979), the Commonwealth filed an amended motion to correct the docket, asserting that the court should have recorded a disposition of "continuance without a finding," rather than "pretrial probation."[5] The motions were denied.

b. *Romero.* On June 11, 2003, Romero was charged with assault and battery, in violation of G. L. c. 265, § 13A. In August, Romero filed a motion in the Chelsea District Court seeking pretrial probation on an admission to facts sufficient for a finding of assault and battery. He specifically requested that the court "neither enter a disposition of guilty nor a continuance without a finding on the docket, but rather order the docket to read that after an admission to sufficient facts, the defendant is placed on pre-trial probation pursuant to G. L. c. 276, § 87."[6] On August 26, the judge allowed the motion over the objection

admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section." (Emphasis added.)

[5]The Commonwealth contended that the disposition of pretrial probation was improper for two reasons: (1) the juvenile could not have been employed by the State parole board because the parole board does not hire juveniles, and (2) the court's actions constituted a continuance without a finding under G. L. c. 278, § 18, which "does not allow for pretrial probation alone." Rule 42 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 919 (1979), however, "is limited to the correction of 'clerical mistakes' or errors 'arising from oversight or omission' and *does not apply to the correction of errors of substance, such as an illegal sentence or improperly obtained conviction*" (emphasis added). Reporters' Notes to Mass. R. Crim. P. 42, Mass. Ann. Laws 1530 (LexisNexis 2003). See *Commonwealth* v. *Miranda*, 415 Mass. 1, 5 (1993), and cases cited.

[6]General Laws c. 276, § 87, provides in relevant part:

"The superior court, any district court and any juvenile court may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty . . . ."

of the Commonwealth, accepted Romero's admission to sufficient facts, and imposed a disposition of pretrial probation for 364 days following Romero's admission. The Commonwealth moved to correct the docket. On September 24, after a hearing, the judge denied that motion.

c. *Commonwealth's petition for relief under G. L. c. 211, § 3.* In September, 2003, the Commonwealth filed a petition, pursuant to G. L. c. 211, § 3, requesting that the single justice order the dockets corrected.[7] The petition was predicated on the theory that the dispositions imposed were not legally cognizable. A single justice denied the Commonwealth's request for relief, and this timely appeal followed.[8]

2. *Discussion.* General Laws c. 278, § 18, permits a criminal defendant, "with whom the commonwealth cannot reach agreement for a recommended disposition," "to tender a plea of guilty together with a request for a specific disposition." Under the statute, "an admission of facts sufficient for finding of guilt" (admission) constitutes "a tender of a plea of guilty." *Id.* On pleading guilty, a defendant may request any disposition within the court's jurisdiction, "including, unless otherwise prohibited by law, *a dispositional request* that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]" (emphasis added). *Id.* General Laws c. 276, § 87 (probation statute), does not use the words "pretrial probation," but permits trial judges to place on probation any person charged with an offense, "with the defendant's consent, *before* trial and *before* a plea of guilty" (commonly referred to as "pretrial probation"), "or in any case *after* a finding or verdict of guilty" (emphasis added). The

[7]The juvenile's pretrial probation was scheduled to end on September 3, 2003, at which time the complaint against him would be dismissed. Shortly before this date, the Commonwealth successfully moved to stay dismissal pending the result of the Commonwealth's petition under G. L. c. 211, § 3.

[8]After the single justice denied the Commonwealth's petition, the juvenile's case was dismissed. The complaint against Romero has since been dismissed as well. Mootness is not an issue on appeal, however, as an actual controversy remains regarding the continued propriety of the docket entries.

statute makes no provision for the imposition of probation *after* a plea of guilty, but before a finding or verdict of guilty is entered. Such a disposition is only authorized by G. L. c. 278, § 18, as part of "a dispositional request."

The defendants contend that when construed together, G. L. c. 278, § 18, and the probation statute permit a judge to place a defendant on "pretrial probation." In essence, they read G. L. c. 278, § 18, as authorizing a judge to accept a guilty plea, not enter a finding, and place a defendant on any form of probation available under the probation statute. Since "pretrial probation" is a form of probation permitted by the probation statute, it therefore can be imposed as a disposition under G. L. c. 278, § 18. The Commonwealth, on the other hand, contends that if a judge chooses not to enter a finding of guilt after a plea or an admission, the judge must dispose of the case by "continu[ing] [it] without a finding to a specific date thereupon to be dismissed," a condition of which can be, among other things, probation under the probation statute.

Viewed from one perspective, this debate appears to be more about semantics than substance. Under either scenario, an admission is made, no finding is entered, the case is continued to a date certain to be dismissed, and probation conditions are imposed for the period of the continuance. But the Commonwealth correctly points out that the precise wording of the "dispositional request" authorized by G. L. c. 278, § 18, is significant, and there is every reason to conclude that the Legislature chose the words "continued without a finding" with care. Evidence of this can be gleaned from the Legislature's explicit prohibition against imposing a "continued without a finding" disposition in a wide range of specific crimes.[9] It would be extraordinary indeed for us to conclude that in spite

[9]See G. L. c. 6, § 178H (failure to register as sex offender); G. L. c. 90, §§ 23 (operating vehicle after suspension or revocation of license), 24G (causing homicide by driving while under influence of liquor or drugs), 24L (causing serious bodily injury by driving while under influence of liquor or drugs); G. L. c. 90B, §§ 8 (operating vessel while under influence of liquor or drugs), 8A (causing serious bodily injury by operating vessel while under influence of liquor or drugs), 8B (causing homicide by operating vessel while under influence of liquor or drugs); G. L. c. 90C, § 3 (motor vehicle infractions); G. L. c. 94C, § 32H (second and subsequent drug offenses); G. L. c. 265, §§ 13B (indecent assault and battery on child under fourteen

of the statutory prohibitions on the use of this disposition, the Legislature in fact intended to create an alternative nearly identical disposition under a different label (pretrial probation).

Moreover, the reason this dispute arises is because it is apparent that in the practical world there is, at least for the moment, a difference in how these differently worded dispositions might be considered by other judicial departments and State and Federal law enforcement agencies, and under various regulatory schemes that have now incorporated the "continued without a finding" disposition into their lexicon, but which may not yet understand (or may misunderstand) the meaning of a "pretrial probation" disposition.[10] In this regard, we agree with the Commonwealth that uniformity, accuracy, and consistency in the description of dispositions is of systemic importance. To permit the use of the same terminology (pretrial probation) to describe both a pretrial condition of release and a postadmission disposition will, eventually, lead to a lack of certainty and a lack of credibility in official records on which important decisions depend each day.[11] This, in our view, would be contrary to the Legislature's intent in enacting G. L. c. 278, § 18, by which it

---

years), 18B (committing offense while using firearm), 22A (rape of child under sixteen years by force), 23 (rape of child), 43 (stalking); G. L. c. 266, §§ 27A (concealing motor vehicles to defraud insurers), 28 (theft of motor vehicles); G. L. c. 268, § 39 (false statements alleging theft of motor vehicle); G. L. c. 269, §§ 10 (unlawful carrying of dangerous weapon), 10E (unlawful sale of quantity of firearms), 10F (illegal sale of large capacity weapons), 10G (multiple violations); G. L. c. 272, §§ 4A (promoting child prostitution), 4B (deriving support from child prostitution), 6 (maintaining house of prostitution), 7 (deriving support from prostitution), 28 (matter harmful to minors), 29 (obscene matter), 29C (child pornography).

[10]Under immigration law, for example, "an admission to sufficient facts followed by a continuance without a finding now constitutes a 'conviction' [with the attendant risk of deportation or denial of naturalization] whenever the terms of the continuance include any 'restraint on the alien's liberty,' notwithstanding the fact that the underlying charge has been or will be dismissed." *Commonwealth* v. *Villalobos*, 437 Mass. 797, 803 (2002), quoting 8 U.S.C. § 1101(a)(48)(A) (2000).

[11]Judges routinely rely on these records to determine such matters as bail and sentencing. See G. L. c. 276, § 58 (factors to be considered in bail determination include "record of convictions"); Mass. R. Crim. P. 28 (d) (1), 378 Mass. 898 (1979) (presentence report to District and Superior Courts shall include "all prior criminal prosecutions or juvenile complaints . . . and the disposition of each such prosecution, except where the defendant was found not guilty").

codified, regularized, and placed limits on a disposition practice that had previously been one of judicial creation. See *Commonwealth* v. *Rotonda*, 434 Mass. 211, 217 (2001) (G. L. c. 278, § 18, codified continuance without finding practice with new statutory procedures); *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971) (judicially creating practice and procedure for dismissing criminal charges after continuance).

In addition, the language of the statute does not support the defendants' position. The "dispositional request" authorized by G. L. c. 278, § 18, is not made available to a defendant in the absence of a guilty plea. Once such a plea or admission is accepted, guilt has been established, there will never be a trial, and the case has moved to the dispositional phase of the proceeding. *Commonwealth* v. *Villalobos*, 437 Mass. 797, 801 (2002) ("admission to sufficient facts may lead to . . . an immediate conviction and sentence . . . during the continuance period in the event of a violation of the continuance terms"). See commentary to Rule 9 of the District Court Rules for Probation Violation Proceedings (2005) (addressing violation of conditions of probation imposed with continuance without finding). Consequently, the probation statute's provision permitting the imposition of probation *"before* trial or *before* a guilty plea" is plainly inapplicable (emphasis added). Simply put, if probation is imposed as a disposition under G. L. c. 278, § 18, it is not "pretrial" probation.

The defendants point out that G. L. c. 278, § 18, is not a model of clarity, and rely on its awkward wording further to support their position. They urge that we parse and tweak the relevant portion of the statute so that it creates two different forms of disposition by permitting a defendant who has tendered a plea of guilty to request "that a guilty finding not be entered, but rather [that] [1] the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions[,] or [2] that the defendant be placed on probation pursuant to the provisions of [the probation statute]." Even under this construction, however, a disposition of "pretrial probation" would not be authorized. General Laws c. 278, § 18, speaks of "probation," not "pretrial probation." And, as noted above,

probation imposed under the probation statute after a guilty plea has been tendered and accepted by the court is not "pretrial" probation. At best, the defendants' reading would permit a judge to impose a period of "probation," after a guilty plea or an admission, without entering a finding of guilt on the record. But this is the equivalent in every respect of a "continuance without a finding" conditioned on probation.[12]

The statute speaks in the singular of "a dispositional request" in which a "guilty finding [is] not . . . entered, but rather the case [is] continued without a finding." This, combined with our view of the Legislature's intent with respect to the codification and use of the "continuance without a finding" disposition when it enacted G. L. c. 278, § 18, leads us to conclude that it did not intend to create two alternatives, identical in substance and distinguished in name only. We therefore construe the statute to permit a judge to impose on a defendant who has tendered a plea of guilty a disposition "that a guilty finding not be entered, but rather the case be continued without a finding to

---

[12]The defendants also, understandably, rely on some of the language in our decision in *Commonwealth* v. *Cheney,* 440 Mass. 568 (2003), to support their contention that G. L. c. 278, § 18, permits a judge to order "pretrial" probation as a disposition after an admission to facts sufficient for a finding of guilt. In that case, the issue was "whether art. 30 of the Declaration of Rights of the Massachusetts Constitution permit[ted] a judge (prior to verdict, finding, or plea) to dismiss a legally adequate criminal indictment in the 'interests of public justice' over the Commonwealth's objection." *Commonwealth* v. *Cheney, supra* at 568. We held that it does not. *Id.* In dicta, we also stated "that G. L. c. 278, § 18, only permitted the use of pretrial probation and dismissal as a disposition after the tender of a guilty plea or an admission to sufficient facts, and, in any event, would not have permitted such a disposition to be imposed in a case involving an indictment under G. L. c. 265, § 23, where a continuance without a finding is 'otherwise prohibited by law.' " *Commonwealth* v. *Cheney, supra* at 571, citing *Commonwealth* v. *Tim T.,* 437 Mass. 592, 595 & n.2 (2002). While the use of the word "pretrial" might seem to support the defendants' contention, the import of this passage does not. In essence the language suggests that the imposition of probation (referred to as "pretrial" probation) after an admission to sufficient facts in fact constitutes a "continuance without a finding" (subject to probation) for purposes of the operation of the statute. To the extent that our use of the word "pretrial" might have been relied on to support the dispositions here, we note that its use in both *Commonwealth* v. *Tim T., supra,* and *Commonwealth* v. *Cheney, supra,* was technically inaccurate. As explained in the present opinion, probation imposed after a guilty plea or an admission is not "pretrial" probation.

a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or . . . the defendant be[ing] placed on probation pursuant to the provisions of [the probation statute]." This is consistent with our decision in *Commonwealth* v. *Rotonda, supra* at 217, where, in examining a related aspect of G. L. c. 278, § 18, we stated that a disposition of a continuance without a finding "[is] to be conditioned *either* on compliance with specific terms and conditions set by the District Court *or*, in the alternative, by placing the defendant on probation during the period of the continuance pursuant to the provisions of G. L. c. 276, § 87."[13]

3. *Conclusion.* Because no statute authorizes a disposition of "pretrial probation" after an admission to sufficient facts, the dispositions imposed by the Juvenile Court judge and the District Court judge were unlawful. We thus remand this case to the county court for entry of a judgment remanding the cases to their respective Juvenile and District Courts for further proceedings consistent with this opinion.

*So ordered.*

[13]A sentencing judge is, of course, also permitted to place a defendant on probation after entering a finding of guilt to the extent that it is otherwise "within the court's jurisdiction" to do so. G. L. c. 278, § 18.