COMMONWEALTH VS. ASAD REZVI.

No. 07-P-1296.

Norfolk. September 15, 2008. - December 5, 2008.

Present: CYPHER, GRASSO, & KANTROWITZ, JJ.

*Restitution. Practice, Criminal,* Probation, Restitution.

The criminal defendant was not entitled to a refund of restitution that he had paid as part of a pretrial probation agreement, where the defendant had voluntarily entered into the agreement in exchange for not going to trial and for dismissal of the charges against him upon completion of the restitution payments, and the fact that he was ultimately acquitted did not alter the terms of the agreement. [302-303]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on January 13, 1998.

A motion to refund restitution, filed on November 28, 2006, was heard by *Diane E. Moriarty,* J.

*Michael J. Fellows* for the defendant.

*Margaret R.S. Krippendorf,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. On January 13, 1998, the District Court issued a complaint against the defendant for four counts of larceny over $250, G. L. c. 266, § 30, and four counts of uttering a false check, G. L. c. 267, § 5. The charges arose from four separate occasions on which the defendant entered Alltown Financial Services, a check-cashing business in Quincy, and passed non-negotiable checks from Dataline America, Inc., payable to himself. The amount of the four checks, including processing fees of thirty dollars for each check, totaled $14,274.57. The defendant pleaded guilty on February 19, 1998, to all eight charges, received a two-year suspended sentence, and was ordered to pay restitution in the amount of $14,274.57. The judge also issued a "judicial recommendation against deportation."

Two hundred ninety-eight days later, on December 14, 1998, due to problems with his immigration status,[1] the defendant filed a motion to revise and revoke, see Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), requesting that the guilty finding be changed to a continuance without a finding. Perhaps feeling sympathy to the plight of the defendant, the Commonwealth assented to the motion, which the judge allowed. The judge's actions were unquestionably improper. First, the motion to revise and revoke was untimely, as it was filed far in excess of the sixty-day limit.[2] See *Commonwealth* v. *Fenton F.*, 442 Mass. 31, 36 (2004) ("A motion to revise or revoke a sentence must be filed within sixty days after a sentence is imposed and a judge cannot consider a motion filed after this time frame"). Second, a motion to revise or revoke involves the altering of a sentence, not a finding of guilt. See *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982) (purpose of rule 29[a] "is to permit a judge to reconsider the sentence he has imposed and determine . . . whether the sentence was just"). See also *Commonwealth* v. *McCulloch*, 450 Mass. 483, 488 (2008) ("if a judge determines that justice has not been done, the judge may revise or revoke a *sentence*, not a finding of guilt").

The continuance without a finding was apparently of no great help to the defendant in his battle with immigration officials,[3] and on May 31, 2000, he filed with the District Court a motion for a new trial. The defendant claimed that his "guilty plea in this case was not voluntarily or intelligently tendered to the [c]ourt

[1]According to the defendant's subsequent motion for a new trial, "United States Immigration Judge Thomas Ragno [had] ordered that the Defendant be deported from the country based upon the [two-year suspended sentence issued on February 19, 1998,] (as well as several other matters)."

[2]"The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction, may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done." Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979).

[3]According to the defendant's motion for a new trial, "[t]he Department of Justice Trial Attorney advised the [Immigration] Court that it intended to deport [the defendant] based upon the 'continuance without a finding' sentences imposed."

because he misunderstood the legal effect of a Judicial Recommendation Against Deportation . . . issued by the [c]ourt."[4] The judge allowed the motion, noting in his decision that the Commonwealth did not appear in opposition. Once again, the actions of the judge are questionable.

With the assent of the defendant and the Commonwealth, the judge placed the defendant on pretrial probation until December 12, 2002. As a condition of probation, the defendant agreed to pay the victim $12,968.54 in restitution (at the rate of $500 per month), having already paid $1,306.03 of the original restitution amount. In exchange, the charges would be dismissed upon full payment of the restitution.

On November 27, 2000, the defendant defaulted on the restitution payments. As a result, pretrial probation was revoked and the case was returned to the trial list. On July 12, 2001, the defendant was again placed on pretrial probation until August 2, 2001, on the condition that he pay $4,500 immediately, which he did, and continue making payments. A third pretrial agreement was signed on August 2, 2001, that continued the matter until October 10, 2001. The defendant once again failed to live up to his end of the bargain, resulting in the matter again being returned to the trial list. At a jury-waived trial on March 5, 2003, the defendant was found not guilty of all charges.[5]

Three years later, in May, 2006, the defendant, who was before the District Court on a totally different criminal case, filed a motion to transfer probation funds paid in the instant case to escrow.[6] The judge denied the motion, reasoning that the money paid by the defendant in the instant case "was by agree-

---

[4]In 1990, the defendant had pleaded guilty to a prior criminal charge and the judge had issued a judicial recommendation against deportation, which according to the defendant, "absolutely precluded the government from deporting [him]." On November 29, 1990, however, the Immigration Act of 1990 repealed a judge's power to issue such a recommendation. *United States* v. *Bodre*, 948 F.2d 28, 30 (1st Cir. 1991), cert. denied, 503 U.S. 941 (1992).

[5]The details of the trial are unknown to us, as a transcript of the proceedings was not provided.

[6]On September 15, 2003, the defendant was convicted in the Quincy Division of the District Court Department on two counts of larceny over $250 by false pretenses, G. L. c. 266, § 34, and ordered to pay $10,000 as restitution. The defendant requested that the money he had already paid in pretrial restitution on the instant case go toward satisfying this postconviction order. This

ment for pretrial probation to pay [victims] on 2 cases in lieu of prosecution after guilty verdict was vacated."

On November 28, 2006, the defendant filed a motion to refund restitution, arguing that the court did not have authority to order restitution as part of the pretrial probation agreement and that the retention of the restitution violated his due process rights. At a hearing on March 6, 2007, the judge denied the motion, again reasoning that the defendant had freely entered into the pretrial agreement.

On appeal, the defendant argues that he is entitled to a refund of $6,725, the amount he paid as part of the pretrial probation agreement, because he was subsequently acquitted of all charges.[7] We disagree.

*Discussion.* Restitution as part of a postconviction sentence is fundamentally different from the restitution at issue in the instant case.[8] Postconviction probation agreements "are not premised upon mutuality of agreement or obligation." *Commonwealth* v. *MacDonald,* 50 Mass. App. Ct. 220, 223 (2000). "The signature of the defendant on the conditions of [postconviction] probation does not constitute his assent to a negotiated agreement." *Ibid.*

Conversely, where the defendant agrees upon restitution payments *before* trial, as part of a pretrial probation agreement, the parties are playing on an even field, and, as such, a contractual relationship is formed.[9] Compare *ibid.* (in postconviction probation agreement "[t]he enforceability of probation is derived not

---

court affirmed his convictions in that case. See *Commonwealth* v. *Rezvi,* 71 Mass. App. Ct. 1112 (2008).

[7]Specifically, the defendant argues that (1) the court lacked authority to order the defendant to pay restitution as part of a pretrial probation agreement in exchange for contemplation of dismissal of the charges; (2) failure to refund the restitution paid violated his due process rights; and (3) lack of sufficient judicial review of the defendant's request for a refund violated the defendant's right to procedural due process.

[8]At the outset, we note that after 2003, the defendant waited approximately three years before asserting his claim. On that basis alone, his motion risked being denied. See *Randon* v. *Edstrom,* 1 Mass. App. Ct. 796, 798 (1974).

[9]General Laws c. 276, § 87, as amended through St. 1974, c. 614, authorizes "[t]he superior court, any district court and any juvenile court [to] place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty . . . ." Where the court

from the agreement of the defendant, but from the force of the judge's order").[10]

Here, the defendant voluntarily entered into an agreement with the court to pay restitution in exchange for not going to trial and for dismissal of the charges upon completion of the restitution payments. The Commonwealth, the defendant, and the judge all signed the pretrial probation agreement. Compare *Commonwealth v. Tim T.*, 437 Mass. 592, 593 (2002) (court may not order pretrial probation over Commonwealth's objection). When the defendant committed a breach of this pretrial agreement twice by defaulting on payments, the agreement ended, and his case went to trial. The fact that he was ultimately acquitted does not alter the terms of the pretrial agreement to which the defendant voluntarily agreed. See *id.* at 597 ("[Commonwealth] has agreed in advance that, on the defendant's satisfactory completion of the probationary period, it will have no objection to the dismissal of the charges").

In sum, the defendant, by agreeing to pay restitution as part of pretrial probation in exchange for contemplation of dismissal of the charges, is not entitled to a refund.[11]

*Order denying motion to refund restitution affirmed.*

---

places the defendant on pretrial probation without objection, the Commonwealth agrees that the "successful completion of that probation will result in dismissal of the charges." *Commonwealth v. Tim T.*, 437 Mass. 592, 597 (2002).

[10]Every authority cited by the defendant involves a postconviction or post-admission to sufficient facts scenario, see, e.g., *Commonwealth v. Rotonda*, 434 Mass. 211, 214 (2001) (continuance without a finding); G. L. c. 278, § 18 (pleas); *United States v. Lewis*, 478 F.2d 835 (5th Cir. 1973) (same); *United States v. Beckner*, 16 F. Supp. 2d 677, 679 (M.D. La. 1998) (postconviction sentence), and does not apply to the scenario at bar.

[11]As for the defendant's claim concerning a violation of his due process rights, the defendant was given an opportunity to be heard on March 6, 2007, at the hearing on his motion to refund restitution, which the judge rephrased as a motion for reconsideration. See *Querubin v. Commonwealth*, 440 Mass. 108, 117 (2003) (fundamental requirement of due process is the opportunity to be heard).