CAITLIN C., COMMONWEALTH vs., 100 Mass. App. Ct. 565

 
 COMMONWEALTH vs. CAITLIN C., [Note 1] a juvenile.

100 Mass. App. Ct. 565
 November 10, 2021 - December 23, 2021

Court Below: Juvenile Court, Worcester County
Present: Milkey, Kinder, & Sacks, JJ.

 

Delinquent Child. Juvenile Court, Delinquent child, Jurisdiction, Probation. Jurisdiction, Delinquent child, Juvenile Court, Juvenile delinquency proceeding. Statute, Retroactive application.

A Juvenile Court judge erred in denying a juvenile's motion to dismiss a delinquency complaint against her regarding a first offense of a minor misdemeanor that she was alleged to have committed prior to the effective date of St. 2018, c. 69, § 72 (an amendment to the definition of "delinquent child" that would remove such offenses from the Juvenile Court's jurisdiction), where the amendment applied retroactively to the delinquency complaint such that the Juvenile Court lacked jurisdiction over it, in that the complaint remained pending during the juvenile's pretrial probation as of the effective date of the amendment. [567-568]

COMPLAINT received and sworn to in the Worcester County Division of the Juvenile Court Department on October 25, 2017.

 A motion to dismiss was heard by Carol A. Erskine, J.

 Lauren M. Marcous for the juvenile.

 Susan M. Oftring, Assistant District Attorney, for the Commonwealth.

 KINDER, J. The juvenile, a twelve year old girl, was serving a term of pretrial probation for unlicensed operation of a motor vehicle when the Criminal Justice Reform Act (act) took effect on July 12, 2018. See St. 2018, c. 69, §§ 72, 232. Among other things, the act amended the definition of "delinquent child" to exclude from the Juvenile Court's jurisdiction a juvenile who commits a first offense of a minor misdemeanor. See G. L. c. 119, § 52; Commonwealth v. Manolo M., 486 Mass. 678, 682 (2021). The Supreme Judicial Court subsequently held that the act's amended definition of delinquent child applied retroactively to all cases "pending" on the act's effective date. Lazlo L. v. Commonwealth, 482 Mass. 325, 335 (2019).

 Page 566 

 Relying on Lazlo L., the juvenile filed a motion to dismiss the charge, arguing that because her case was pending when the act took effect, the Juvenile Court no longer had jurisdiction. A Juvenile Court judge denied the motion, reasoning that the case was "conditionally disposed" during the period of pretrial probation and therefore no longer pending when the act took effect. For the reasons that follow, we agree with the juvenile that the charge against her remained pending during her pretrial probation, that the amended definition of delinquent child applied to her case, and that the Juvenile Court lacked jurisdiction as of July 12, 2018.

 Background. The factual background and procedural history are not disputed. On August 27, 2017, the owner of a Honda CRV allowed the juvenile to drive his car in the Grafton High School parking lot. The juvenile lost control and crashed into a parked vehicle at high speed. After initially fleeing, the juvenile returned to the scene and admitted to the responding police officer that she had driven the car and caused the collision. The officer cited the juvenile for unlicensed operation of a motor vehicle after determining that she was twelve years old and did not have a driver's license.

 On May 2, 2018, by agreement of the parties, the juvenile was placed on pretrial probation for a period of one year pursuant to G. L. c. 276, § 87. On July 12, 2018, the act's amended definition of "delinquent child" took effect. On January 25, 2019, the judge terminated the juvenile's pretrial probation after finding probable cause to believe she had been suspended from school for possession of marijuana on school grounds. The delinquency complaint based on unlicensed operation of a motor vehicle was then returned to the trial docket.

 In February 2019, the juvenile admitted to facts sufficient to prove unlicensed operation of a motor vehicle in violation of G. L. c. 90, § 10. By agreement, the case was continued without an adjudication of delinquency for one year with supervised probation (CWOF). As a special condition of probation, the juvenile was ordered to refrain from using social media. [Note 2] In May 2019, after a probation violation hearing, the judge found probable cause that the juvenile had violated this special condition by "continued inappropriate use of internet/social media." In July, the juvenile 

 Page 567 

filed a motion to dismiss the case for want of subject matter jurisdiction. On July 22, 2019, the judge denied the motion to dismiss, revoked the CWOF, and committed the juvenile to the Department of Youth Services for violation of G. L. c. 90, § 10. The juvenile appeals. [Note 3]

 Discussion. We review the denial of the juvenile's motion to dismiss de novo. See Lazlo L., 482 Mass. at 328. Prior to July 12, 2018, any child between ages seven and eighteen who committed an offense against the Commonwealth could be adjudicated a delinquent child in the Juvenile Court. See G. L. c. 119, § 52, as amended through St. 2013, c. 84, § 7; G. L. c. 119, § 58. The act provides that, effective July 12, 2018, a juvenile who commits a first offense misdemeanor "for which the punishment is a fine, imprisonment in a jail or house of correction for not more than [six] months or both such fine and imprisonment" can no longer be adjudicated a delinquent child. St. 2018, c. 69, §§ 72, 232. Unlicensed operation of a motor vehicle is punishable "for a first offence by a fine . . . or by imprisonment for not more than ten days, or both." G. L. c. 90, § 23. See G. L. c. 90, § 10. Therefore, under the act, commission of this misdemeanor as a first offense no longer qualifies a juvenile as a delinquent child.

 In Lazlo L., 482 Mass. at 326, the Supreme Judicial Court determined that the act's amended definition of "delinquent child" applies retroactively such that a child fitting the amended definition "[can]not be adjudicated a 'delinquent child' on and after [July 12, 2018]." The court observed that to allow such juveniles to "proceed through the Juvenile Court system and potentially to be adjudicated as delinquent children would be directly contrary to the Legislature's goal of giving children in their position a second chance by removing the possibility of a Juvenile Court adjudication, with all of its attendant consequences." Id. at 334. And, noting that the Juvenile Court is a court of limited jurisdiction with "no authority in the absence of a specific statutory authorization" (citation omitted), the Lazlo L. court further commented that "[b]ecause jurisdiction is a threshold requirement for a court to decide any case, it would have been 

 Page 568 

logical for the Legislature to expect that Juvenile Court proceedings against children who were removed from the definition of 'delinquent child' would cease and the cases would be dismissed on the day § 72 [of the act] became effective." Id. at 335.

 Here, on July 12, 2018, the effective date of the act, the juvenile was on pretrial probation pursuant to G. L. c. 276, § 87. She had not been "adjudicated a 'delinquent child,'" Lazlo L., 482 Mass. at 326; she had not even "pleaded guilty or admitted to facts sufficient to support a finding of guilt," Commonwealth v. Tim T., 437 Mass. 592, 596 (2002). Rather, "the juvenile agree[d] to abide by certain conditions for a specified period of time. In exchange, the case [was] removed from the trial calendar. If the juvenile had successfully complete[d] the probationary period, the charges [would have been] dismissed." (Citations omitted.) Commonwealth v. Preston P., 483 Mass. 759, 759-760 (2020).

 However, the charge against the juvenile was never dismissed. It was returned to the trial calendar on January 25, 2019, after she violated the terms and conditions of her probation, thus exposing the juvenile to the "[possibility of] be[ing] adjudicated as delinquent," a result the Lazlo L. court found to be contrary to Legislative intent. Lazlo L., 482 Mass. at 334. The juvenile then admitted to facts sufficient to support an adjudication of delinquency and agreed to a CWOF with an additional year of probation. Finally, in July 2019, the juvenile was found in violation of the terms and conditions of that probation, and, contrary to the holding in Lazlo L., she was adjudicated a delinquent child and committed to the Department of Youth Services for violation of G. L. c. 90, § 10. Lazlo L. made clear that where, as here, a child has committed a crime prior to the effective date of the act, which crime no longer meets the definition of "delinquent child" under the act, "[the] child may not be adjudicated a 'delinquent child' on and after [July 12, 2018]." Id. at 326.

 The order denying the motion to dismiss is reversed, the adjudication of delinquency is vacated, and a judgment of dismissal shall enter.

 So ordered.

FOOTNOTES
[Note 1] A pseudonym. 

[Note 2] The reason for this special condition of probation is not clear from the record. 

[Note 3] Acting on the juvenile's petition for relief, a single justice of the Supreme Judicial Court held that the juvenile's appeal was not interlocutory, as it was the "functional equivalent of a motion to withdraw the juvenile's admission to sufficient facts and to dismiss the underlying charge for lack of jurisdiction." The juvenile was thereupon permitted to pursue a direct appeal in this court, as of right. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.